**Doris JOHNSEN, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 89–2089 (RJD).**

United States District Court, E.D. New York.

Feb. 15, 1991.

Seth Rubinstein, Brooklyn, N.Y., Alan Shapiro, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for plaintiffs.

Joseph D. McCann, Asst. U.S. Atty., Brooklyn, N.Y., for defendant.

## MEMORANDUM AND ORDER

DEARIE, District Judge.

The government has moved to dismiss plaintiffs' action for a tax refund pursuant to 26 U.S.C. § 6511(b)(2)(A). For the reasons that follow, defendant's motion is DENIED.

## BACKGROUND

In 1983, the Multzmans overpaid approximately twenty-five thousand dollars in taxes to the government. A completed tax return for that year remained unsigned in their home.

For some time prior to 1983, the Multzmans were extremely eccentric, spoke to nonexistent persons and lived under hazardous conditions despite their healthy financial status. In early 1985, Ethel Multzman was diagnosed to be suffering from senile psychosis. The following year, her husband was adjudicated incompetent, and soon thereafter he passed away. In 1987, Mrs. Multzman and her adult son were also adjudicated incompetents. The government does not dispute, for purposes of this motion, that the Multzmans were incompetent in 1983 and that they overpaid their taxes that year. In addition, the parties have reached agreement on the exact amount of the overpayment.

Plaintiff Doris Johnsen was appointed Committee of the Person and Property of Ethel Multzman in February of 1987. As soon as she discovered that a prepared 1983 return had never been filed, she immediately filed an administrative claim for a refund which was summarily denied in June of that year, presumably on timeliness grounds. In June of 1989, Ms. Johnsen commenced this action for a refund of the 1983 overpayment pursuant to 26 U.S.C. § 6511(b)(2)(A).

For the reasons discussed below, the government's motion to dismiss is denied.

## DISCUSSION

Federal courts have generally held that mental incompetence does not toll statutes of limitations in suits against the government. *E.g., Barren v. United States,* 839 F.2d 987, 992 (3d Cir.1988); *cert. denied,* 488 U.S. 827, 109 S.Ct. 79, 102 L.Ed.2d 55 (1988). Sovereign immunity concerns have traditionally generated this strict adherence to time limitations in actions against the government. *Lopez v. Citibank, N.A.,* 808 F.2d 905, 906 (1st Cir.1987). However, federal statutes of limitations in suits between private litigants have been subject to equitable tolling due to considerations such as mental incompetence. *Irwin v. Veterans Admin.,* —— U.S. ——, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990); *e.g., Thomas v. Humfield,* 916 F.2d 1032, 1035 (5th Cir. 1990).

In its recent *Irwin* decision, the Supreme Court held that the same equitable tolling principles applicable to suits between private parties should also apply to suits against the government. The Court reasoned that

> [o]nce Congress has made such a waiver [of sovereign immunity], we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. Such a principle is likely to be a realistic assessment of legislative intent as well as a practically useful principle of interpretation.

*Id.* 111 S.Ct. at 457.[1] The legislative history of Section 6511(b)(2)(A) is absolutely devoid of any indication that Congress intended to preclude such equitable tolling in tax

---

**1.** The *Irwin* decision did not draw a distinction between the equitable tolling of judicial actions and administrative exhaustion requirements. Given that the same equitable considerations are involved in both judicial and administrative procedural defaults, no such distinction can reasonably be drawn. *Compare United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990); *reh. denied,* —— U.S. ——, 110 S.Ct. 2195, 109 L.Ed.2d 523, *and on remand,* 908 F.2d 972 (6th Cir.1990).

refund actions. H.R.Rep. No. 1337, 83rd Cong., 2 Sess., *reprinted in* 1954 U.S.Code Cong. & Admin.News 4017, 4563; S.Rep. No. 1622, 83rd Cong., 2 Sess., *reprinted in* 1954 U.S.Code Cong. & Admin.News 5235. Accordingly, the Court must now apply the principles enunciated in suits between private parties.

Equitable tolling for mental incompetence is analyzed on a case-by-case basis. *Lopez*, 808 F.2d at 907. The Second Circuit has acknowledged that "cases occasionally arise where the equities in favor of tolling are 'so great that deference to the agency's judgment is inappropriate'." *New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir.1990). This case presents such a situation.

Plaintiffs have not simply "failed to exercise due diligence" in filing for a tax refund within the statutory period. *Irwin*, 111 S.Ct. at 458. As mental incompetents, the Multzmans made numerous excess payments to the government during 1983 and yet failed to file a return for that year although there is clear evidence that a return was in fact prepared.

The government concedes that plaintiffs are due a sizeable refund. Indeed there is nothing in the record before the Court that even suggests that the equities do not fall decidedly in plaintiffs' favor. The government attempts to distinguish *Irwin* by arguing that it only applies to suits against the government, and therefore equitable tolling will not revive an administrative claim. This rather predictable position may be of some comfort to the Internal Revenue Service and other governmental institutions, but it provides no safe harbor for the government here where the equities so clearly invite favorable consideration of the recognized merits of plaintiffs' position.

CONCLUSION

Accordingly, under the authority of *Irwin* and in light of the facts presented by the parties, the Court concludes that the statute of limitations tolled until the appointment of plaintiff Johnsen. Ms. Johnsen filed the administrative claim immediately following her appointment, and the action was filed within three years of the denial of that claim. The motion to dismiss is denied.

SO ORDERED.