**Clinton WEBB, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 3:93CV847.**

United States District Court,
E.D. Virginia,
Richmond Division.

May 4, 1994.

John Codd Irvins, Jr., Brian Keith Jackson, Everette G. Allen, Jr., Charles Frederick Witthoefft, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, VA, for plaintiffs.

Debra J. Prillaman, Asst. U.S. Atty., Richmond, VA, and Gerard Mene, Dept. of Justice, Tax Div., Washington, DC, for defendant.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, Senior District Judge.

This matter is before the Court on defendant's motion to dismiss, pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted. For the reasons set forth below, the Court grants the motion pursuant to Fed.R.Civ.P. 12(b)(1).

### I. *Facts*

On April 5, 1988, Mary Morton Parsons, who is deceased, filed a refund claim with the Internal Revenue Service ("IRS") for $10,862,876.88 plus interest.[1] In the refund claim, Parsons sought a refund of gift taxes paid with a gift tax return for the third quarter of 1980. Generally, Parsons' claim alleged that the various gifts of stock reported on the return were not gifts or were void gifts because she had been defrauded by her two financial advisors in making the transfers.

With respect to Parsons' claim, plaintiffs make the following specific contentions, which the Court treats as true for purposes of this motion: By virtue of Parsons' advanced age, trusting nature, emotional vulnerability, declining health and drug dependence, she became a victim of the fraud and undue influence and control of her doctor, Alvin Q. Jarrett, and her lawyer, B. Roland Freasier, Jr. As Parsons' fiduciaries, Jarrett and Freasier took over her personal and business affairs so totally that they were able to transfer to themselves substantially all of her stock holdings in 1980. Thereafter, and during the relevant period of 1980 to July 1987, Jarrett and Freasier limited Parsons' contact with friends, and Jarrett regularly administered pain-killing drugs, sleeping pills, and tranquilizers. Parsons was confined to her bed in Virginia Beach and given inadequate medical care while her household staff was cut back and her contacts with the outside world were limited still further. Parsons was totally dependent on Jarrett to manage all of her physical, emotional, and financial needs, and she was neither aware of, nor able to inform herself about, the fraud and self-dealing of her fiduciaries.

The United States refunded to Parsons' $7,038,054.34 plus interest. It refused to refund any further amounts paid by Parsons on the basis of a statute of limitations bar. Plaintiffs have instituted this suit for the disallowed portion of the refund claim.

### II. *Analysis*

### A. A CLAIM FOR REFUND MUST BE FILED WITHIN THREE YEARS OF THE DATE OF THE RETURN

A timely claim for refund is a jurisdictional prerequisite to the filing of a tax refund suit. *See* 26 U.S.C. § 7422(a) (Internal Revenue Code of 1986, as amended).[2]

---

1. The plaintiffs in this case, Clinton Webb and NationsBank of Virginia, N.A., f/k/a Sovran Bank, N.A. ("NationsBank"), are the coexecutors of Parsons' estate and have filed suit on behalf of the estate.

2. This section provides:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of

This jurisdictional prerequisite is not waivable by the government. *See Miller v. United States,* 949 F.2d 708, 712 (4th Cir.1991). A taxpayer must file a claim for refund with the IRS within three years of the date the return is filed or within two years of the date the tax is paid, whichever is later. 26 U.S.C. § 6511(a).

In this case, the return was filed in August 1980, and the refund claim was filed almost eight years later, on April 8, 1988. Therefore, because plaintiffs filed the refund claim more than three years after the return was filed, the claim was not timely.

Where a refund claim is not timely filed, there is a limitation on the amount of any refund. Specifically, 26 U.S.C. § 6511(b)(2)(B) provides that "[i]f the claim was not filed within such 3–year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." In this case, Parsons paid $7,038,054.34 within the two-year period preceding the refund claim. The United States has refunded this amount plus interest, for a total of $9,844,541.03. Therefore, because the refund cannot exceed this amount, plaintiffs are entitled to recover no more.

## B. EQUITABLE TOLLING IS INAPPLICABLE IN TAX REFUND SUITS

The essence of the parties' dispute concerns the issue of the applicability of equitable tolling to this case. The United States makes a two-part argument: (1) that equitable tolling does not apply in tax refund suits and (2) that, assuming it does, equitable tolling does not apply on these facts. The plaintiffs dispute both contentions.

### 1. *Applicability to Tax Refund Suits*

Plaintiffs rely on *Irwin v. Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), which they claim changed the law on the application of equitable tolling to tax cases. According to plaintiffs, *Irwin* modified the reasoning of many courts, which refused to apply general principles of equity to toll the statute of limitations in tax refund

law in that regard, and the regulations of the

cases on the rationale that the waiver of sovereign immunity and the terms of such waiver should be strictly construed and that a limitations period that was jurisdictional in nature could not be tolled.

In *Irwin,* the plaintiff filed a complaint with the Veteran's Administration alleging that he had been unlawfully terminated on the basis of race and physical disability. The complaint was dismissed by the Administration. In the EEOC's letter affirming the decision, plaintiff was notified of his right to file a civil action within 30 days of receipt of the notice under 42 U.S.C. § 2000e. Plaintiff, however, filed the complaint 44 days after the notice was received at his attorney's office. Therefore, the complaint was dismissed. Plaintiff objected, contending that he had not received the letter until 19 days after the letter was sent and that his attorney, who had also been sent a copy of the letter, was out of the country when the letter arrived.

The Supreme Court granted certiorari "to determine when the 30–day period under § 2000e–16(c) begins to run and to resolve the Circuit conflict over whether late-filed claims under [§ 2000e–16(c)] are jurisdictionally barred." 498 U.S. at 92, 111 S.Ct. at 455. The Court found the complaint untimely, but considered plaintiff's alternative argument that his error could be excused under equitable tolling principles. The court of appeals had rejected plaintiff's argument on the ground that the filing period contained in § 2000e–16(c) is jurisdictional and therefore the district court lacked authority to consider plaintiff's equitable claims. 498 U.S. at 93. The court reasoned that § 2000e–16(c) applied to suits against the federal government and thus was a condition of Congress' waiver of sovereign immunity. *Id.* at 93–94, 111 S.Ct. at 456–57. Since waivers of sovereign immunity are traditionally construed narrowly, the court determined that strict compliance with § 2000e–16(c) was a necessary predicate to a Title VII suit.

The Supreme Court held, however, that the same rebuttable presumption of equitable tolling applicable to suits against private de-

Secretary established in pursuance thereof.

fendants is applicable to suits against the United States. 498 U.S. at 95–96, 111 S.Ct. at 457–58. But the Court refused to apply equitable tolling to benefit the plaintiff, holding that equitable tolling did not apply because the late-filed suit involved "a garden variety claim of excusable neglect." *Id.* at 96, 111 S.Ct. at 458.

■ Plaintiffs in this case rely on post-*Irwin* cases that have held that equitable tolling applies to tax refund cases. They argue that *Scott v. United States,* 795 F.Supp. 1028 (D.Haw.1992) is instructive. In that case, a tax refund suit was filed following the denial by the IRS of the taxpayer's refund claim on the ground that it was untimely under the limitations period set forth in 26 U.S.C. § 6511. Both sides agreed that the claim was not timely filed, but the taxpayer contended that he was rendered mentally incompetent because of severe, long-term alcoholism and that this condition warranted application of the equitable tolling doctrine. 795 F.Supp. at 1030. As in the present case, the government filed a motion to dismiss, arguing that the court lacked subject matter jurisdiction. The district court denied the government's motion, holding that:

> The government contends that statutes of limitations covering suits against the United States are prerequisites to federal court jurisdiction. [citation omitted]. While this contention is true as a general proposition, the Supreme Court has recognized exceptions to strict application of time-bar rules. In support of its motion to dismiss, the government cites numerous cases all of which pre-date the Supreme Court's recent decision in *Irwin....* The *Irwin* Court recognized that the statute of limitations may be equitably tolled even where the statute of limitations is a prerequisite to federal court jurisdiction, rendering the cases cited by the government inapplicable.

795 F.Supp. at 1031. Noting that *Irwin* involved an untimely Title VII claim, the district court in *Scott,* nevertheless, found that "the reasoning in that decision applies with equal force to untimely tax claims." *Id.* See also *Wiltgen v. United States,* 813 F.Supp. 1387 (N.D.Iowa 1992) and *Johnsen v. United States,* 758 F.Supp. 834 (E.D.N.Y. 1991) (both holding, based on *Irwin,* that § 6511 can be equitably tolled). Therefore, based on the presumption established by *Irwin* in favor of the applicability of the principle of equitable tolling, plaintiffs contend that the government has the burden of demonstrating a clear congressional intent that the limitations period set forth in § 6511 may not be equitably tolled and that it has made no such showing.

The Court, however, finds *United States v. Dalm,* 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), a tax case, more instructive than *Irwin.* In *Dalm,* when the taxpayer's claim for refund of a gift tax she had paid was denied on statute of limitations grounds under § 6511, the taxpayer sued, alleging that she stated a cause of action for equitable recoupment.[3]

In assessing plaintiff's claim, the Court was faced with the statute of limitations period under § 6511, which barred plaintiff's refund. The Court stated:

> Read together, the import of these sections [§§ 7422 and 6511] is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' ... may not be maintained in any court.

494 U.S. at 602, 110 S.Ct. at 1365 (citation omitted). The Court went on to state that permitting equitable considerations to encroach upon statutorily prescribed deadlines for the maintenance of tax refund actions "would be doing little more than overriding Congress' judgment as to when equity requires that there be an exception to the

---

**3.** Equitable recoupment is premised on the notion that a taxpayer can recover where the government has taxed a single transaction or event under two inconsistent theories. Though *Dalm* involved the doctrine of equitable recoupment rather than equitable tolling, the Court finds the

case persuasive. See *Vintilla v. United States,* 931 F.2d 1444 (11th Cir.1991) (applying *Dalm,* post-*Irwin,* to bar plaintiffs' late-filed claim for refund and to reject plaintiffs' assertion of the equitable tolling doctrine).

limitations bar." *Id.* at 610, 110 S.Ct. at 1369.

In response to the taxpayer's equitable argument that the statute of limitations should begin when the taxpayer discovers the payment is erroneous, the Court stated:

> The most sensible interpretation of § 6511(a) is that a tax is paid when the taxpayer tenders payment of the tax to the IRS, not when the taxpayer discovers that the payment was erroneous. The very purpose of statutes of limitations in the tax context is to bar the assertion of a refund claim after a certain period of time has passed, without regard to whether the claim would otherwise be meritorious. That a taxpayer does not learn until after the limitations period has run that a tax was paid in error, and that he or she has a ground upon which to claim a refund, does not operate to lift the statutory bar.

*Id.* at 609–10 n. 7, 110 S.Ct. at 1369 n. 7. Therefore, it is well-settled that equity principles have no application in tax cases. As the government points out, tax statutes of limitations, unlike those that are applicable to torts and other actionable matters, operate in both directions in that the government is given a limited period of time in which to make assessments, and taxpayers are given a limited period of time to seek refunds. As the court stated in *Blatt v. United States,* 830 F.Supp. 882 (W.D.N.C.1993), in relying on *Dalm* to deny relief based on equitable recoupment to a taxpayer whose refund was barred by § 6511, "[t]ax cases do not lend themselves to an equitable solution. The Tax Code and regulations are technical and must be interpreted accordingly.... To hold otherwise would seriously undermine the administration of the tax laws." *Id.* at 888. The Court finds this reasoning convincing and rejects the decisions of the three district courts that have held, based on *Irwin,* that equitable tolling applies to tax cases.

### 2. *Applicability of Equitable Tolling to this Case*

The district court cases on which plaintiffs rely have held that equitable tolling may operate to toll the statute of limitations period under § 6511 where there is mental in-

competency. *See Scott v. United States,* 795 F.Supp. 1028, 1035 (D.Haw.1992), *Wiltgen v. United States,* 813 F.Supp. 1387, 1394–95 (N.D.Iowa 1992), *Johnsen v. United States,* 758 F.Supp. 834, 836. The Court finds that plaintiffs set forth in their complaint facts that would establish a cognizable legal disability in that they establish that Parsons was incapable of handling or managing her legal affairs while under Jarrett's and Freasier's influence and control. Accordingly, the Court finds that plaintiffs would have established the applicability of equitable tolling to this case under the cases on which they rely. *See also Seattle Audubon Soc. v. Robertson,* 931 F.2d 590, 596 (9th Cir.1991) ("Courts have held that when external forces, rather than plaintiff's lack of diligence, account for the failure to file a timely claim, equitable tolling is proper.") Nevertheless, because the Court finds that the law does not recognize equitable tolling in a tax case, the plaintiffs cannot recover.

### III. *Conclusion*

For the foregoing reasons, the defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction is granted.