**Marian BROCKAMP, administrator and sole residuary beneficiary of the Estate of Stanley B. McGill, Deceased, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 94–56424.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1995.

Decided Oct. 5, 1995.

Robert F. Klueger, Boldra & Klueger, Encino, California, for plaintiff-appellant.

Bridget M. Rowan, Tax Division, United States Department of Justice, Washington, D.C., for defendant-appellee.

Before: FLETCHER, WIGGINS, and FERNANDEZ, Circuit Judges.

Opinion by Judge WIGGINS; Dissent by Judge FERNANDEZ.

WIGGINS, Circuit Judge:

Marian Brockamp, the administrator and sole beneficiary of the estate of her father, Stanley B. McGill, brought an action for a refund of his April 1984 income tax overpayment. The district court granted summary judgment in favor of the United States, holding that the suit was precluded by the statute of limitations. We reverse and remand for further proceedings on Mr. McGill's mental incompetence.

## BACKGROUND

In April 1984, Mr. McGill, who was 93 years old at the time, mailed a check to the Internal Revenue Service ("IRS") for $7,000, along with an application for an automatic extension of time to file his 1983 income tax return. He made no indication of his reason for sending the $7,000. Despite his extension request, Mr. McGill never filed an income tax return for 1983. More than two years later, on July 15, 1986, the IRS transferred the $7,000 from Mr. McGill's account into an "Excess Collection Account."

Mr. McGill died intestate on November 7, 1988 at the age of 98. During the administration of his estate, Mrs. Brockamp discovered the $7,000 payment and requested a refund. In a letter to the IRS, Mrs. Brockamp characterized her father as "senile" and stated that he had mistakenly sent the check for $7,000 rather than $700. On March 27, 1991, Mrs. Brockamp filed a tax return for Mr. McGill's 1983 tax liability. The IRS assessed $427 in taxes, and refused Mrs. Brockamp's refund request, based on the statute of limitations provided in I.R.C. § 6511.

On August 3, 1993, Mrs. Brockamp filed suit against the United States seeking the return of the money paid by Mr. McGill. She argued that (1) the $7,000 check was a "deposit," rather than a payment, and therefore was not subject to the time limitations of § 6511, and (2) even if the $7,000 was a payment, her refund claim was not barred because the statute of limitations imposed by § 6511 was equitably tolled due to Mr. McGill's mental incompetence. The district court rejected both arguments. It concluded that the $7,000 was a payment, that equitable tolling never applies to tax refund cases, and, therefore, that the claim was barred by the statute of limitations. We conclude that equitable tolling can apply to tax refund cases, and we therefore reverse. We remand to the district court for a determination of Mr. McGill's mental capacity during the relevant time frame.

## DISCUSSION

### I. STANDARD OF REVIEW

A district court's construction and interpretation of the Internal Revenue Code is reviewed *de novo*. *Miller v. United States,* 38 F.3d 473, 475 (9th Cir.1994).

### II. MERITS

#### A. Tax Refund Claims are Subject to Equitable Tolling

I.R.C. § 6511(a) provides that a claim for refund of an overpayment must be filed within three years from the time the return was filed, or, if no return was filed, within two years from the date the tax was paid. The court lacks jurisdiction over a claim that does not satisfy § 6511. *United States v. Dalm,* 494 U.S. 596, 602, 110 S.Ct. 1361, 1365, 108 L.Ed.2d 548 (1989). Mrs. Brockamp obviously cannot meet the two year deadline, as the tax was paid in April 1984, and she did not file her refund claim until March 1991. Nor can she meet the three year deadline, because taxpayers who file returns more than two years after their taxes are paid cannot take advantage of the three year period following the filing of a return. *Miller v. United States,* 38 F.3d 473, 475 (9th Cir.1994). Therefore, § 6511 bars Mrs. Brockamp's claim unless equitable tolling applies to lift that bar.

The government relies on *United States v. Dalm* to support its position that the principles of equitable tolling cannot be applied to § 6511. In *Dalm,* the Supreme Court con-

sidered whether equitable recoupment could serve as an independent basis for federal jurisdiction where the statutory requirements of § 6511 were not satisfied. The Court held that the doctrine could not be applied to toll § 6511. *Dalm,* 494 U.S. at 611, 110 S.Ct. at 1369–70.

Nine months later, however, in *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court declared a new, general rule holding that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Congress, of course, may provide otherwise if it wishes to do so." *Id.* at 95–96, 111 S.Ct. at 457 (Title VII action). In *Irwin,* the court changed its method of evaluating the availability of equitable tolling. Specifically, the court stated:

> The continuing effort on our part to decide each case on an ad hoc basis, as we appear to have done in the past, would have the disadvantage of continuing unpredictability without the corresponding advantage of greater fidelity to the intent of Congress. *We think that this case affords us an opportunity to adopt a more general rule*

*to govern the applicability of equitable tolling in suits against the government. Id.* at 95, 111 S.Ct. at 457 (emphasis added). We believe that this language effectively limited the *Dalm* decision described above. *Irwin* requires that, in the absence of congressional action, statutes of limitations are, as a general rule, presumed to be subject to equitable tolling in suits against the United States.

■ Congress has never expressed any intention that equitable tolling should not apply to § 6511. The specific language of the statute does not speak to the application of equitable tolling principles. Additionally, since the Supreme Court decided *Irwin* four years ago, Congress has done nothing to indicate that equitable tolling does not apply to § 6511. Furthermore, as the court in *Johnsen v. United States* noted, the legislative history of § 6511 "is absolutely devoid of any indication that Congress intended to preclude such equitable tolling in tax refund actions." 758 F.Supp. 834, 835–36 (E.D.N.Y. 1991), *quoted in Scott v. United States,* 795 F.Supp. 1028 (D.Haw.1992). We hold that in the absence of congressional action that indicates to the contrary, the statute of limitations provided in § 6511 may be equitably tolled.[1]

---

1. The Supreme Court, in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* 501 U.S. 350, 363, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991), held that the one-and-three-year structure of §§ 9(e) and 10(b) of the Securities Exchange Act of 1934 was "fundamentally inconsistent" with the "venerable principle" of equitable tolling, despite acknowledging that time limits are "customarily" subject to such tolling. *Id.* That is, the Court noted that § 9(e)'s one-year provision required only that suit be filed within one year "after the discovery of the facts constituting the violation" and, consequently, set no real limit on when suit could be brought. Therefore, the three-year period also described served as a definitive "cutoff." *Id.* The Court reasoned that this cutoff clearly meant to place an outside limit on the open-ended one-year provision, and was convincing evidence of congressional intent. Accordingly, the Court held that "tolling principles do not apply to that period." *Id.*

The First Circuit subsequently relied upon *Lampf* in holding that equitable tolling could not apply in tax cases. *See Oropallo v. United States,* 994 F.2d 25 (1st Cir.1993). The *Oropallo* court noted that in the First Circuit, § 6511(a)'s time limitations are "totally illusory." *Id.* at 30. It therefore reasoned that the open-ended § 6511(a) was analogous to the open-ended one-

year provision of § 9(e). The court then reasoned that the three-year "cut-off" provision of § 6511(b) was analogous to the three-year provision of § 9(e), in that both were definitive cut-offs meant to close the door on open-ended provisions. *Id.* at 31. Therefore, the court concluded that § 6511, like the Securities Exchange Act, could not be equitably tolled. *Id.* at 29–30.

Our circuit, however, has defined § 6511(a) in such a way that it is not, as it is in the First Circuit, an open-ended provision analogous to § 9(e):

> A two-year period for filing a claim is mandated by section 6511(a) in this case.
>
>  . . . .
>
> To hold that the filing of a return more than two years after payment of taxes invokes the three-year period of § 6511(a) would reward strategic behavior on the part of the taxpayers and create a discrepancy in limitations periods that was not intended by the Internal Revenue Code.

*Miller,* 38 F.3d at 475–76. Because in this circuit § 6511(a)'s time limitation is not, as it is in the First Circuit, "totally illusory," § 6511(b) is not analogous to the three-year provision of § 9(e), either. In this circuit § 6511(b) does not close the door on an open-ended provision, as it does in the First Circuit. Because in this circuit

We think that the facts as alleged by Mrs. Brockamp demonstrate why equitable tolling should apply in some tax cases. In this instance, it would be unconscionable to allow the government to retain money that it concedes it was not owed, and may have only received due to a 93 year-old man's senility. We find *Irwin* to be controlling and hold that, in the absence of congressional action, the principle of equitable tolling applies to tax refund claims.

**B. Mental Incompetence Tolls the Statute of Limitations**

■ In a prior case, we expressly left open the question of whether mental incompetence can toll a statute of limitations. *See Atkins v. Union Pac. R.R.*, 685 F.2d 1146, 1148 (9th Cir.1982). We have held, however, that where "extraordinary circumstances beyond plaintiffs' control [make] it impossible to file the claims on time," equitable tolling applies. *Seattle Audubon Soc'y v. Robertson*, 931 F.2d 590, 595 (9th Cir.1991). Recently, several post-*Irwin* courts have held that mental incompetence will toll statutes of limitation in suits against the government. *See, e.g., Nunnally v. MacCausland*, 996 F.2d 1, 4–5 (1st Cir.1993); *Wiltgen v. United States*, 813 F.Supp. 1387, 1394–95 (N.D.Iowa 1992); *Johnsen v. United States*, 758 F.Supp. 834, 835–36 (E.D.N.Y.1991). We now join those courts and hold that mental incompetence constitutes a ground for equitable tolling. Principles of equity mandate that when mental incompetence precludes a person from asserting his rights during the proper time period, he should not be precluded from later seeking redress for his injuries.

■ Viewing the facts of this case in the light most favorable to Mrs. Brockamp, there is a triable issue of fact as to Mr. McGill's mental incompetence. If Mr. McGill is found to have been mentally incompetent when he made the overpayment, tolling will allow Mrs. Brockamp to satisfy the statute of limitations provided in § 6511.

**CONCLUSION**

We hold that equitable tolling principles apply to tax refund cases. Further, we hold that mental incompetence can be a ground for tolling a statute of limitations. Accordingly, we reverse the district court's grant of summary judgment in favor of the government, and remand for further proceedings regarding Mr. McGill's mental competency.

FERNANDEZ, Circuit Judge, dissenting:

Under 26 U.S.C. § 6511(a), Brockamp's claim for a refund of her father's 1983 taxes was untimely. *See Miller v. United States*, 38 F.3d 473, 475 (9th Cir.1994). Brockamp argues that even so the doctrine of equitable tolling should operate to relieve her from the time limitations of § 6511.[1]

The Supreme Court has held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 457, 112 L.Ed.2d 435 (1990) (Title VII action). At the same time, the Court has recognized that equitable tolling is traditionally extended only "sparingly," in two limited circumstances not at issue here.[2] *Id.* at 96, 111 S.Ct. at 457–58; *see also Scholar v. Pacific Bell*, 963 F.2d 264, 267–68 (9th Cir.) (noting that equitable tolling is available in "extreme cases" and has been applied "sparingly"), *cert. denied*, —— U.S. ——, 113 S.Ct. 196, 121 L.Ed.2d 139 (1992).

Sparing or not, the principles of equitable tolling cannot be applied to § 6511. In *Unit-*

§ 6511(a) and (b) are not analogous to the one- and three-year provisions of § 9(e), we are not constrained, as was *Oropallo*, to conclude that *Lampf* precludes equitable tolling in tax cases.

1. Another serious issue lurks in this case. Brockamp asserts that the amount paid to the government was a "deposit" rather than a "payment." Because the issue is not addressed by the majority and need not be, there is no reason for me to spill ink over it.

2. Those circumstances are "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Id.* at 96, 111 S.Ct. at 458 (footnotes omitted).

ed States v. Dalm, 494 U.S. 596, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990), decided nine months before Irwin, the Supreme Court held that the doctrine of equitable recoupment could not be applied to toll § 6511. The Court was not willing to allow *that* equitable doctrine to, in effect, extend the time that a taxpayer would have to apply for a refund of taxes. It approvingly pointed out that in the earlier case of Bull v. United States, 295 U.S. 247, 259, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935), it had made it clear that even reliance on an inconsistent assessment by the Commissioner would not serve to "toll the statute of limitations." 494 U.S. at 607, 110 S.Ct. at 1367. If the equitable recoupment principle was to apply at all, it had to be on a ground other than tolling.

The Court's holding applies with equal force to the present attempt to toll the statute of limitations on equitable grounds. Here, as there, the jurisdictional bar of § 6511 would have to be lifted. See id. at 608, 110 S.Ct. at 1368. As the Court said, "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' may not be maintained in any court." Id. at 602, 110 S.Ct. at 1365 (citations omitted). Moreover, Dalm was an appealing taxpayer. She had not failed to pay her taxes or to file a return. But she *was* going to be required to pay twice. That was after the government had even assessed penalties and interest with respect to the gift taxes that it nearly conceded need not have been paid at all because what it really wanted was income taxes for the transaction. As the dissent said, the Court, in effect, held that the statute of limitations could not be tolled "by Government conduct that [the] Court [had] censured as 'immoral' and tantamount to 'a fraud on the taxpayer's rights.'" Id. at 612, 110 S.Ct. at 1370 (Stevens, J., dissenting); see also

Kolom v. United States, 791 F.2d 762, 768 (9th Cir.1986).

Thus, although Irwin creates a rebuttable presumption of equitable tolling in most areas, Dalm effectively rebuts that presumption because in it the Supreme Court determined that principles of equity would not be applied to toll § 6511. Other courts have recognized that. See, e.g., Vintilla v. United States, 931 F.2d 1444, 1446–47 & n. 1 (11th Cir.1991) (holding that, together, Irwin and Dalm bar equitable tolling of § 6511(a)); Webb v. United States, 850 F.Supp. 489, 491–93 (E.D.Va.1994) (invoking Dalm and Irwin to hold that equitable tolling is inapplicable in tax refund cases).[3]

A different approach was taken in Oropallo v. United States, 994 F.2d 25 (1st Cir.1993) (per curiam), cert. denied, —— U.S. ——, 114 S.Ct. 705, 126 L.Ed.2d 671 (1994). The First Circuit held that the provisions of § 6511 cannot be equitably tolled, but it arrived at that conclusion by analogizing § 6511 to the provisions of the Securities Exchange Act of 1934 at issue in Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). Even though under Irwin a rebuttable presumption of equitable tolling applied, the Court in Lampf held that the structure of the statutes at issue made clear that Congress intended to foreclose resort to equity to stretch the statutes' time limitations. Lampf, 501 U.S. at 363–64, 111 S.Ct. at 2782.

In Oropallo, the First Circuit rested upon an analogy to Lampf instead of an analysis of Dalm because it believed that Irwin had "changed [the Supreme Court's] approach to the issue of equitable tolling in suits against the government" from what it had been at the time of Dalm, 994 F.2d at 29. Lampf, according to Oropallo, "altered" "the relevant analysis" yet again. Id.

However, given that the three cases were decided within thirteen months of each other, I believe that they should be read together if they can be reconciled.[4] Lampf expressly

3. But see First Interstate Bank v. United States, 874 F.Supp. 286 (D.Nev.1994) (appeal pending); Wiltgen v. United States, 813 F.Supp. 1387 (N.D.Iowa 1992); Johnsen v. United States, 758 F.Supp. 834 (E.D.N.Y.1991), in which the courts

held that under Irwin, equitable tolling applies to § 6511(a).

4. The view that Irwin and Dalm complement each other—as opposed to the assumption in Oropallo that Irwin superseded Dalm—is also

recognizes the rebuttable presumption principle of *Irwin* but holds that "the equitable tolling doctrine is fundamentally inconsistent" with the provisions of the Securities Exchange Act at issue. 501 U.S. at 363, 111 S.Ct. at 2782. Thus, *Lampf* and *Irwin* are compatible. Likewise, *Lampf, Irwin* and *Dalm* can be reconciled. Although *Dalm* does not use rebuttable presumption language, it recognizes, as was the case with the statutes in *Lampf* and their raison d'etre, that equitable tolling principles are inconsistent with the foundational underpinnings of the Internal Revenue Code. *See Webb,* 850 F.Supp. at 492 (applying *Dalm* broadly). That is because tax laws are "technical laws which are not subject to general principles of equity." *Oropallo,* 994 F.2d at 28 n. 3 (citing *Lewyt Corp. v. Commissioner,* 349 U.S. 237, 249, 75 S.Ct. 736, 744, 99 L.Ed. 1029 (1955), and *Ewing v. United States,* 914 F.2d 499, 501 (4th Cir.1990), *cert. denied,* 500 U.S. 905, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991)).

Finally, when Congress has included specific exceptions in a statute of limitations, we should not readily read additional ones into it. *See Rylewicz v. Beaton Servs., Ltd.,* 888 F.2d 1175, 1181 (7th Cir.1989) (holding [pre-*Irwin*] that equitable tolling cannot apply to the Fair Credit Reporting Act because Congress explicitly delineated certain exceptions to its statute of limitations, equitable tolling not among them); *cf. Dalm,* 494 U.S. at 610, 110 S.Ct. at 1369; *Parks Sch. of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). Section 6511(c) contains an exception to the limitations period for those who negotiate an agreement for an extension of time with the IRS. Moreover, §§ 1311–1314 contain certain narrow "mitigation provisions" that extend the limitations period in some circumstances. Because Congress has specifically provided exceptions to the time requirements of subsections 6511(a) and (b), we should be chary of reading others into them, including equitable tolling.

In short, because, as recognized by the Supreme Court in *Dalm,* equitable principles are inconsistent with the statutory scheme of the Internal Revenue Code, I need not resort to a *Lampf*-style analysis in order to conclude that the district court should be affirmed. Nonetheless, *Oropallo*'s elucidation of § 6511 compared with the statutes at issue in *Lampf* does provide further support for my conclusion.

As *Oropallo,* 994 F.2d at 27, pointed out, in addition to the limitations periods imposed by § 6511(a), subsection (b) of § 6511 places limits on the amount of any refund a claimant may receive. Under § 6511(b)'s provisions, Brockamp would not be able to collect any refund even if her suit were allowed to go forward under subsection (a) because the gap between the time that her father made the payments to the IRS and the time that she filed the refund claim is too great.

Brockamp argues, however, that equitable tolling should also be applied to § 6511(b), which would then allow her to collect the full amount of the refund that she claims she is owed. *Oropallo,* 994 F.2d at 30, likened the interaction of subsections 6511(a) and (b) to the "1–and–3–year–structure" of the provisions at issue in *Lampf,* which required that an action under the Securities Exchange Act be brought within one year after the discovery of facts constituting the cause of action and in no event later than three years after the accrual of the cause of action. *See* 15 U.S.C. § 78i(e). The three-year provision in *Lampf* was found by the Court to be "a period of repose inconsistent with tolling." 501 U.S. at 363, 111 S.Ct. at 2782. As *Oropallo* recognized, the provisions of § 6511(b) also operate as a period of repose and impose an outside limit on recovery. *See generally Oropallo,* 994 F.2d at 28–31. The provisions of § 6511(b) were intended by Congress "to prevent a taxpayer from *extending the time for filing a claim* for the entire tax by making small payments from time to time."

---

supported by the fact that in *Dalm,* Chief Justice Rehnquist and Justices Kennedy, White, Blackmun, O'Connor, and Scalia were in the majority, while Justices Stevens, Marshall and Brennan dissented. In *Irwin,* Justice Marshall joined the majority (in a concurrence), Justice Stevens again dissented, and Justice Souter, who had replaced Justice Brennan, did not take part in the decision. For *Irwin* to truly have been intended to render *Dalm* obsolete (an unlikely proposition particularly given that *Irwin* makes no mention of *Dalm*), six justices would have had to have changed their positions in the space of nine months.

*Snyder v. United States,* 616 F.2d 1187, 1188 (10th Cir.1980) (emphasis added) (citing S.Rep. No. 398, 68th Cong., 1st Sess. 33 (1924)). In other words, even though the subsection "clearly operates like a statute of limitations," it more clearly imposes a period of repose so that the government may finally have closure as to particular tax returns. *Oropallo,* 994 F.2d at 30 n. 7. I cannot say it better than the Court did in *Rothensies v. Electric Battery Co.,* 329 U.S. 296, 301, 67 S.Ct. 271, 273, 91 L.Ed. 296 (1946):

> It probably would be all but intolerable, at least Congress has regarded it as ill-advised, to have an income tax system under which there would never come a day of final settlement and which required both the taxpayer and the Government to stand ready forever and a day to produce vouchers, prove events, establish values and recall details of all that goes into an income tax contest. Hence a statute of limitation is an almost indispensable element of fairness as well as of practical administration of an income tax policy.

*Brockamp* presents the appealing argument that her aged father mistakenly remitted way too much money when he applied for an extension of time to file his income tax return for 1983. Basically, she argues that it is unfair to apply the statute of limitations to her. It is true that every statute of limitations has at least a tinge of unfairness because it can preclude the collection of past debts and the assertion of just claims against a person who *should* give the plaintiff recompense. That is why in a somewhat gentler era than ours Hoffman wrote, "I will never plead the Statute of Limitations when based on the mere efflux of time; for if my client is conscious that he owes the debt, and has no other defense than the legal bar, he shall never make me a partner in his knavery." 2 David Hoffman, A Course of Legal Study 751 Resolution XII (2d ed. 1836). Thus, I am not unsympathetic.

However, in the Internal Revenue Code Congress has attempted to create a tesselated scheme which assures that the government will receive needed revenues and that those receipts can, after a time, be counted upon as it supplies services to the nation.

Considering the complexity of the design, perfection cannot be expected. Considering the vast extent of the design and the numbers of people affected by it, the special thoughts, intentions, needs, and circumstances of each taxpayer cannot always be accommodated. So it is here.

Therefore, I respectfully dissent.

