_____

No. 95-1899
_____

Moshe Baruch Git; Judith Beyla    *
Git,                              *
                                  *
          Appellants,             *
                                  *   Appeal from the United States
     v.                           *   District Court for the
                                  *   Southern District of Iowa.
Department of the Treasury;       *
Internal Revenue Service; United  *   [UNPUBLISHED]
States of America,                *
                                  *
          Appellees.              *

_____

Submitted:  December 26, 1995

Filed:  January 4, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Moshe B. Git and his wife, Judith B. Git, appeal the district
court's[1] dismissal of their complaint seeking a refund of 1986
taxes, damages for emotional distress, and punitive damages.  We
affirm.


     The Gits filed suit seeking the refund, with interest, of
$2,087.82 withheld from Mr. Git's earnings in 1986, emotional
distress and punitive damages, and costs.  They named the
Department of the Treasury; the Internal Revenue Service; Lloyd
Bentsen, Secretary of the Treasury; and Margaret Milner Richardson,

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States
District Court for the Southern District of Iowa.

Commissioner of the Internal Revenue Service. The Gits later added the United States as a defendant.

The Gits alleged a disabling illness prevented Mr. Git from completing the couple's 1986 joint tax return and Mrs. Git lacked the knowledge to do so. They further alleged when Mr. Git conferred by telephone with an IRS agent regarding a filing extension, the agent told him "there was no need for a formal extension of time to file, since [he] could file at anytime and not lose anything." The Gits maintained they relied upon the agent's advice, and filed their 1986 tax return on April 15, 1991, but were denied their $2,087.82 refund.

The district court dismissed the Gits' claim for emotional distress and punitive damages as to the United States and the Gits' tax refund claim as to the IRS, Department of the Treasury, Bentsen and Richardson. After the United States was substituted for Bentsen and Richardson, the district court dismissed the remaining claims, concluding the tax refund claim was time-barred, and the emotional distress and punitive damages claims were barred by sovereign immunity.

The dismissal of a complaint under Federal Rule of Civil Procedure 12 for failure to state a claim or lack of subject matter jurisdiction is reviewed de novo. Alexander v. Peffer, 993 F.2d 1348, 1349 (8th Cir. 1993) (failure to state a claim); Schneider v. United State, 27 F.3d 1327, 1331 (8th Cir. 1994) (subject matter jurisdiction), cert. denied, 115 S. Ct. 723 (1995).

The circuits are split on whether the limitations periods in section 6511 may be equitably tolled. Compare Brockamp v. United States, 67 F.3d 260 (9th Cir. 1995) (holding tolling allowed) with Webb v. United States, 66 F.3d 691 (4th Cir. 1995) (no tolling allowed) and Oropallo v. United States, 994 F.2d 25 (1st Cir. 1993) (no tolling allowed). We do not decide the issue here because,

-2-

even if the limits contained in 26 U.S.C. § 6511 can be equitably tolled, the Gits do not qualify for such relief.  We conclude that neither the IRS's bad advice nor Mr. Git's poor health provides sufficient grounds for equitable tolling against the government. See Miller v. Runyon, 32 F.3d 386, 389 (8th Cir. 1994); Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994) (misconduct on government's part or gross, but good faith, error on claimant's part is necessary to justify equitable tolling); see also Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990) (tolling has been allowed only where party filed timely but defective pleading, and where adversary has tricked or induced party to let deadline pass).  We also note the Gits have offered no explanation, other than her unfamiliarity with the couple's finances, why Mrs. Git could not have pursued the couple's refund.

Likewise, the IRS agent's misstatement of the law was not affirmative misconduct that would estop the government from asserting section 6511's limitations period.  See Olsen v. United States, 952 F.2d 236, 241-42 (8th Cir. 1991) (party did not show affirmative act where IRS agents erroneously told him IRS held superior lien on his property); United States v. Manning, 787 F.2d 431, 436-37 (8th Cir. 1986) (no affirmative misconduct even if government agent erroneously misled party about legality of hunting geese in baited fields).

The district court properly rejected the Gits' argument that, under United States v. Dubuque Packing Co., 233 F.2d 453 (8th Cir. 1956), the money they seek is a deposit and not "tax money" within the reach of section 6511.  See United States v. Dalm, 494 U.S. 596, 609 n.6 (1990) (refusing to distinguish between suits for refunds and suits for funds wrongfully retained; noting that § 6511 applies to all overpayments of taxes).  The district court also properly concluded that sovereign immunity bars the Gits' claim for emotional distress and punitive damages, as their claims all arise from the denial of their refund and allegedly erroneous information

given them by the IRS.  See 28 U.S.C. § 2680(c) (excepts from the FTCA's waiver of sovereign immunity, "claim[s] arising in respect of the assessment or collection of any tax");  28 U.S.C. § 2674 (barring recovery of punitive damages from the government).

The district court did not abuse its discretion in denying the Gits' request for an indefinite abeyance and in granting defendants' motion to dismiss without giving the Gits a further opportunity to respond.  See Watson v. Miears, 772 F.2d 433, 437 (8th Cir. 1985) (standard of review).  Further, the district court properly substituted the United States as defendant for Bentsen and Richardson.   See 28 U.S.C. § 2679(b)(1) (barring Federal Tort Claims Act suits against government employees for acts and omissions occurring within the scope of their employment or office).

The parties' motions to file supplemental briefs are denied.

A true copy.

        Attest:

            CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-