IN THE TAX COURT OF THE
STATE OF OREGON

Robert J. DeARMOND
and Leona M. DeArmond

*v.*

DEPARTMENT OF REVENUE
(TC 4014)

Joseph Wetzel, Wetzel, DeFrang & Sandor, Portland, represented plaintiffs (taxpayers).

Joseph P. Dunne, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered January 27, 1997.

**CARL N. BYERS, Judge.**

Plaintiffs (taxpayers) paid income taxes to Idaho on income taxed by Oregon. Based on the Oregon credit allowed

for taxes paid to other states, taxpayers filed an amended return, claiming a personal income tax refund for 1990. The Department of Revenue (department) denied the refund because taxpayers' amended return was filed more than three years after the due date of the original return. Taxpayers contend that the three-year limitation on refunds does not apply to refunds from credits for taxes paid to other states and the limitation violates the Due Process Clause of the United States Constitution.

## FACTS

During 1990, taxpayers were residents of Oregon. Robert DeArmond was Chairman of the Board of Directors of Idaho Forest Industries, Inc., an S corporation doing business in Oregon and Idaho. DeArmond was in the process of retiring and spent most of his time in Oregon operating and liquidating the corporation's mills. The company comptroller informed him that the state of Idaho was auditing the corporate tax return and that there was some dispute over one or more points. However, taxpayer knew nothing about the details of the audit.

DeArmond testified that on April 18, 1994, (three days after the period for filing a claim for refund expired) he received a copy of the audit report from the state of Idaho which indicated that taxpayers owed Idaho additional income taxes of $10,452. Taxpayers took this assessment to their accountant, discussed it with him, and eventually paid the Idaho tax. Taxpayers assumed they would receive a tax credit from Oregon. On June 27, 1994, after having paid the Idaho tax, they filed an amended Oregon income tax return claiming the tax credit and resulting refund. The department refused the refund on the ground that the three-year refund period in ORS 314.415(1)(b)[1] had expired.

ORS 316.082 provides taxpayers with a credit for taxes paid to another state. ORS 314.415(1)(b) provides that claims for refunds must be filed within three years from the time the return was filed. Because of the delay in Idaho's audit process, taxpayers' tax credit did not arise until it was

---

[1] All references to the Oregon Revised Statutes are to 1993.

too late to obtain a refund. The legislature has provided an extended refund period for various circumstances, such as federal audits (ORS 314.415(5)), net operating loss carry-overs (ORS 314.415(4)), and worthless stock (ORS 314.415(3)). It has not provided a longer refund period where another state's audit gives rise to a tax liability after the normal refund period. Searching for a way out of this dilemma, taxpayers offer a number of arguments.

## A. *Credit Refund Rule*

ORS 316.082 provides a credit against Oregon income taxes for income taxes paid to another state. The statute provides, in part:

> "(3) The department shall provide by rule the procedure for obtaining credit provided by this section and the proof required."

In accordance with the authority delegated to it, the department has adopted a rule. The relevant part of OAR 150-316.082 provides:

> "(3) The credit may be taken either at the time of filing returns or subsequently.
>
> "* * * * *
>
> "(5) A taxpayer shall be allowed a credit for taxes paid to another state when the other state's taxes have been paid. If the other state's taxes have not been paid before the credit is claimed on the Oregon tax return, no credit shall be allowed. When the other state's taxes are paid, the taxpayer must file a refund claim in order to receive such credit. If any subsequent change or correction is made to the taxpayer's liability which also changes the credit allowed under ORS 316.082, the taxpayer shall amend the Oregon return for which such credit was originally allowed."

Taxpayers recognize that ORS 314.415(1)(b), the refund statute, provides:

> "No refund shall be allowed or made after three years from the time the return was filed, or two years from the time the tax or a portion thereof was paid, whichever period expires the later * * *."

However, taxpayers contend that the department's rule for obtaining a tax credit overrides the refund statute. They assert that a refund arising from a tax credit is somehow different than a refund arising from other causes or credits and therefore falls outside the general refund statute. Taxpayers do not point to any statute which provides a separate refund procedure.

The authority delegated to the department by the legislature in ORS 316.082 is limited to procedures and proof. The statute does not suggest that the department may extend the period for filing a claim for refund. Even if it did, the rule as adopted does not extend the period. The words "or subsequently" are not specific enough to act as an open-ended period.

■ Furthermore, as a general principle, an administrative agency cannot authorize by rule that which a statute prohibits. *McLain v. Lafferty*, 257 Or 553, 559-60, 480 P2d 430 (1971). Likewise, an agency may not enlarge or alter the legislative terms. *U. of O. Co-Oper. v. Dept. of Rev.*, 273 Or 539, 550-51, 542 P2d 900 (1975). Administrative rules generally can go no further than "to fill in the interstices of the [statute]." *Gouge v. David et al.*, 185 Or 437, 464, 202 P2d 489 (1949).

■ The court can find no indication that the legislature intended ORS 316.082 to authorize the department to extend the statute of limitations for refund claims. In fact, the department does not claim that authority. It is taxpayers that claim such authority for the department. The court finds that the rule does not purport to and cannot extend the statute of limitations.

B. *Governing Statute*

Taxpayers also contend that their refund claim is not governed by the general refund statute but by the provisions of ORS 316.082. However, ORS 316.082 addresses only credits. What taxpayers want is a refund. As with any other credit or deduction, the effect of the credit or deduction is left to another statute. Taxpayers present no arguments or evidence to show that ORS 314.415 is not applicable.

## C. *Due Process and Equitable Tolling*

Taxpayers assert that the constitutional principle of due process requires the period for obtaining a refund to be extended. They argue that if a statute of limitations expires before the taxpayer knows he has a claim, applying the statute in that manner violates the Due Process Clause of the Fourteenth Amendment. Taxpayers cite *Kent v. Dept. of Rev.*, 9 OTR 356 (1983), *Doe v. American Red Cross*, 322 Or 502, 910 P2d 364 (1996), and *Brockamp v. United States*, 67 F3d 260, 95-2 USTC (CCH) ¶ 50551 (9th Cir 1995).

Under the facts in this case, the period for obtaining a refund not only expired before taxpayers knew they had a claim, it expired before the claim even arose. The Idaho tax assessment was not received and the tax was not paid until after the three-year period had expired. Consequently, it is not a question of notice. The question is whether Oregon may let its refund period expire before Idaho imposes the tax.

The cases cited by taxpayers in support of their due process argument are not applicable. In *Kent*, the court found that the Due Process Clause requires the department to give notice to a taxpayer of its intent to adjust the amount of a taxpayer's claimed refund. Here, taxpayers are not claiming that the department failed to give them notice. *Doe* involved a statute of limitations for the recovery of damages from injury due to tortious conduct. The court resolved that issue as a matter of statutory construction, not due process analysis.

*Brockamp* was also not decided on due process grounds. There, the court applied the doctrine of equitable tolling to toll the statute of limitations. The taxpayer's overpayment of taxes and failure to file a claim for refund were due to his mental incompetence. The court found that the statute of limitations should be equitably tolled in such circumstances. *Brockamp* relied on the Supreme Court case of *Irwin v. Dept. of Veterans Affairs*, 498 US 89, 111 SCt 453, 112 LEd 2d 435 (1990), in applying the doctrine of equitable tolling against the government. In *Irwin*, the Court held that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to

suits against the United States." *Id.*, 498 US at 95-96. However, as the dissent in *Brockamp* noted, the Supreme Court also stated that equitable tolling should be applied "sparingly" and noted that the Court had applied the doctrine in only two limited circumstances which were:

> " 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.' " *Brockamp*, 95-2 USTC (CCH) at 89,790 n 2 (quoting *Irwin*, 489 US at 96).

This is not the type of situation presented here.

■        Furthermore, other circuit courts have held that the doctrine of equitable tolling does not apply to the statute of limitations in tax refund cases. These courts have reached this conclusion by relying on more specific Supreme Court cases. *See, e.g., Webb v. United States*, 66 F3d 691, 95-2 USTC (CCH) ¶ 50, 531 (4th Cir 1995); *Oropallo v. United States*, 994 F2d 25, 93-1 USTC (CCH) ¶ 50, 314 (1st Cir 1993), *cert den*, 510 US 1050, 114 S Ct 705, 126 L Ed 2d 671 (1994); *Vintilla v. United States*, 931 F2d 1444, 91-1 USTC (CCH) ¶ 50, 272 (11th Cir 1991). The analyses in these cases are more persuasive than those in *Brockamp*. Therefore, the court finds that the doctrine of equitable tolling does not apply to toll the statute of limitations in taxpayers' case.

■        Due process and equitable tolling do not require Oregon to extend the period for which it allows a tax credit to produce a refund. Perhaps the legislature should make a provision for refunds due to tax credits that arise after the normal three-year refund period expires. However, that is a question for the legislature, not the courts. Until changed by the legislature, the law limits refunds without regard to why refund claims are filed more than three years after the return was due.

There are many circumstances where a taxpayer may fail to file a refund claim within the three-year period. This court has heard cases involving house fires, divorced spouses holding the tax records hostage, and taxpayers engaged in extensive travel that results in involuntary

delays. The legislature has not seen fit to make provision for any of these particular circumstances and due process does not require it to do so.

In summary, income tax credits and deductions are matters of legislative grace. The conditions, extent, and effects of credits and deductions are matters governed by statute. Under Oregon's income tax scheme, deductions and credits are effective only if used and claimed within the periods allowed by the legislature. Taxpayers acknowledge that protective claims could have been filed[2] to protect themselves even where audits by other states conclude after the three-year refund period. Yet, they argue that it would be unreasonable to require all Oregon taxpayers to file protective claims. However, reasonableness in procedures is in the same category of fairness in substance: both are matters for the legislature. So long as either is within the constitutional framework, it is for the legislature to determine what is reasonable.

The court finds that taxpayers' amended return was filed after the three-year period allowed for claiming a refund; and, therefore, the department properly denied the refund. Department's Opinion and Order No. 95-4258 must be sustained. Costs to neither party.

---

[2] ORS 314.415(2) authorizes written agreements between the department and taxpayers extending the periods for assessing taxes and claiming refunds.