Robert ST. ANDRE, Plaintiff—
Appellant,

v.

William J. HENDERSON, Postmaster General, U.S. Postal Service; United States Postal Service, Defendants—Appellees.

No. 00–17398.

D.C. No. CV–98–03395–VRW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided April 30, 2002.

**446**

Before THOMPSON, W. FLETCHER and BERZON, Circuit Judges.

MEMORANDUM *

Plaintiff Robert St. Andre appeals the district court's grant of summary judgment to the United States Postal Service ("USPS") on St. Andre's claims of race, sex, and disability discrimination in violation of Title VII, 42 U.S.C. § 2000e et seq., and the Rehabilitation Act, 29 U.S.C. § 794. St. Andre filed an Equal Employment Opportunity ("EEO") Complaint with the USPS on May 19, 1997 alleging that he

had suffered discrimination between 1985 and 1995. The district court granted summary judgment because St. Andre's claim was barred by the statute of limitations applicable to federal employees. We affirm.

We review the district court's grant of summary judgment de novo. *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc). As a federal employee, St. Andre was obliged to seek EEO counseling within 45 days of any alleged discriminatory act(s) in order to preserve his right to challenge the discrimination. 29 C.F.R. § 1614.105(a)(1). Once the internal counseling process concludes, a claimant has only 15 days to file a formal charge with the EEOC. *Id* at § 1614.105(d). These administrative prerequisites apply to both Title VII and Rehabilitation Act claims. *See Vinieratos v. United States Dep't of the Air Force*, 939 F.2d 762, 771–72 (9th Cir.1991).

■ St. Andre argues that he is entitled to equitable tolling of the administrative limitations period because he was mentally incompetent in 1995, the year that he was required to pursue his administrative remedies. Title VII's administrative deadlines are susceptible to equitable tolling, *see Irwin v. Veterans Admin.*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), as are the time limits for bringing a claim under the Rehabilitation Act. *See Boyd v. USPS*, 752 F.2d 410, 414 (9th Cir.1985). We agree with St. Andre that mental incompetence may constitute the "extraordinary circumstances" required for equitable tolling of administrative deadlines. *See, e.g., Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir.1999); *Brockamp v. United States*, 67 F.3d 260, 263 (9th Cir.1995), *rev'd on other grounds by United States v.*

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*Brockamp,* 519 U.S. 347, 117 S.Ct. 849, 136 L.Ed.2d 818 (1997).

In employment discrimination cases, equitable tolling focuses on whether there is excusable delay by the plaintiff. It does not depend on any wrongful conduct by the defendant. *See Santa Maria v. Pacific Bell,* 202 F.3d 1170, 1178 (9th Cir. 2000). However, we hold that St. Andre has alleged insufficient facts to warrant equitable tolling. St. Andre presented to the district court only three pieces of evidence to support his claim for equitable tolling. First, he stated in a declaration that "During the period from 1995 to 1996, I found myself unable to handle my everyday affairs, such as bill paying. I had to turn [over] my financial affairs, including my checkbook, to my mother, who then paid my bills for me." Second, he stated in a deposition that in "probably '94, '95" he was "confused about everything going on ... I was a total mess." Finally, in a letter appealing the EEOC's dismissal of his claim, St. Andre stated that he initially requested EEO counseling on June 16, 1995, but "[d]ue to psychiatric disabilities I was unable to pursue the matter competently at that time." These vague assertions, unsupported by any medical diagnosis or other evidence addressing St. Andre's mental state in 1995, are insufficient to establish a valid claim of equitable tolling. *See FTC v. Publishing Clearing House, Inc.,* 104 F.3d 1168, 1171 (9th Cir.1997); *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993) ("When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact."). We decline to consider the additional evidence St. Andre presents for the first time on appeal. *See EEOC v. Dinuba Medical Clinic,* 222 F.3d 580, 585 n. 2 (9th Cir.2000).

St. Andre also appeals the district court's denial of his informal request, made pursuant to Fed.R.Civ.P. 56(f), for a continuance to conduct additional discovery prior to the summary judgment hearing. We review the district court's denial of his request for an abuse of discretion. *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 920–21 (9th Cir.1996). A district court does not abuse its discretion by denying a Rule 56(f) motion "if the movant has failed diligently to pursue discovery in the past." *Id.* at 921, citing *Conkle v. Jeong,* 73 F.3d 909, 914 (9th Cir.1995). Over two years elapsed between the time St. Andre filed his form complaint in the district court on September 2, 1998 and the summary judgment hearing on November 2, 2000. Although St. Andre initially filed *pro per,* he was represented by counsel for the year prior to the discovery cutoff, and appears to have been continuously represented (albeit by different counsel) for the remainder of the discovery period. There does not appear to be any reason why St. Andre, had he "diligently pursued discovery," could not have obtained affidavits and medical records from friendly witnesses.

Finally, St. Andre argues that his 1997 administrative charge was timely because he was the victim of discriminatory conduct amounting to a "continuing violation." If a plaintiff can show either " 'a continuing policy and practice of discrimination on a company-wide basis [operating] at least in part within the limitation period' " or "a 'series of related acts, one or more of which falls within the limitations period,' " the entire course of conduct is treated as a continuing violation and is actionable. *Fielder v. UAL Corp.,* 218 F.3d 973, 983 (9th Cir.2000), citing *Green v. Los Angeles Cty. Superintendent of Sch.,* 883 F.2d 1472, 1480 (9th Cir.1989). We agree with

the district court that St. Andre did not allege sufficient facts to support his assertion that his 1997 complaint was timely due to a continuing violation by USPS extending into 1997.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.