Argued and submitted November 7, 1997, judgment of the Tax Court affirmed
December 3, 1998

# Robert J. DeARMOND
## and Leona M. DeArmond,
*Appellants,*

*v.*

# DEPARTMENT OF REVENUE,
## State of Oregon,
*Respondent.*

### (OTC 4014; SC S44101)

968 P2d 1280

Joseph Wetzel, of Wetzel DeFrang & Sandor, Portland, argued the cause for appellants. With him on the brief was Russell A. Sandor.

Joseph P. Dunne, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Hardy Myers, Attorney General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, and Durham, Justices.**

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision; Kulongoski, J., did not participate in the decision of this case.

PER CURIAM

**PER CURIAM**

This is an appeal from the Oregon Tax Court. The Department of Revenue (department) denied plaintiffs' (taxpayers) claim for a 1990 personal income tax refund. The Tax Court affirmed. *DeArmond v. Dept. of Rev.*, 14 OTR 112 (1997). Taxpayers appeal.

The facts are undisputed. Taxpayers are Oregon residents. Mr. DeArmond was Chairman of the Board of Directors of a Subchapter S corporation doing business in Oregon and Idaho. Three days after the period for filing a tax refund claim in Oregon had expired, taxpayers received notice from Idaho that they owed additional income taxes to Idaho for 1990. Taxpayers paid the taxes due to Idaho and then filed an amended 1990 Oregon income tax return claiming a tax credit and resulting refund. The department denied the refund, because ORS 305.270(2) and ORS 314.415(1)(b) require claims for refunds to be filed within three years from the date that the original Oregon return was filed. The department concluded that it had no authority to waive, extend, or ignore the statutory deadline. Taxpayers challenged that conclusion on various grounds.

We have concluded that the facts of this case are such that an extended opinion would be unlikely to benefit the bench, bar, or public. We have considered each of taxpayers' arguments and have determined that none is well taken.

The judgment of the Tax Court is affirmed.