IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| WOODY FAMILY PROPERTIES, LLC and ALVIN R. WOODY, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 200188N |
| v. | ) ) | |
| JACKSON COUNTY ASSESSOR, | ) ) ) | **ORDER ON DEFENDANT'S MOTION** |
| Defendant. | ) | **FOR SUMMARY JUDGMENT** |

This matter came before the court on Defendant's Motion for Summary Judgment (Motion), filed June 8, 2020.[1]  Plaintiffs filed their response on July 9, 2020.  Defendant filed its Reply on July 14, 2020.  An oral argument was held by telephone on July 29, 2020.  Plaintiffs' Exhibits A to Q were received by the court.[2]  This matter is now ready for the court's determination.

## I.  STATEMENT OF FACTS

Plaintiffs purchased property identified as Account 10177006 (subject property) in 2005 for $960,000.  (Ex A at 1).  Plaintiffs expected the subject property to be assessed at a higher value for the 2006-07 tax year because its purchase price exceeded its 2004-05 tax roll real market value (RMV) of $433,500 by $526,500.  (*Id*.)  The subject property's 2006-07 RMV was $885,850, an increase of $403,810 over the prior year's RMV.  (Ex B.)  Its assessed value (AV) increased by $252,020 from $428,610 to $680,630.  (*Id.*)  The tax statement did not explicitly identify any exception value (EV) for the 2006-07 tax year.  (*Id.*)

---

[1] Defendant moved for dismissal in its Answer because "Oregon property tax law does not allow for reaching back to 2006 to make a tax roll correction[.]"  The court construes Defendant's motion to dismiss as based on Plaintiffs' failure to timely appeal or state a claim upon which relief may be granted.

[2] Exhibits A to P are attached to Plaintiffs' Complaint.  Exhibit Q is attached to Plaintiffs' Response.

In 2018, Plaintiffs compared the subject property's tax burden to that of other properties in the area. (Ex A at 1.) Plaintiffs believed the subject property's maximum assessed value (MAV) to be too high, resulting in a higher tax compared to neighboring properties. (*Id.* at 1-2.) They supported their conclusion with a "study of relevant comparables." (Exs C, D, F). Plaintiffs submitted the findings to Defendant's office, where a review panel "approved a reduction of the land value * * * to $761,210" thereby reducing the total RMV to $1,101,730. (Ex G). At that time, Defendant also communicated to Plaintiffs that the increase in MAV during the 2006-07 tax year was a result of a rezoning event, but did not investigate further "because by law, if the value is in question, it must be address (sic) within five years of the 2006 event (so that window has closed)." (*Id.*) Plaintiffs appealed the 2018-19 assessment to the county Board of Property Tax Appeals (BOPTA), which sustained the RMV and MAV. (Ex I).

On November 4, 2019, Plaintiffs made a public records request to Defendant, asking for "all documents that supported [the 2006-07 MAV increase] including assessor's notes and calculations and applicable statutes." (Ex J at 2.) Plaintiffs allege that, as of April 15, 2020, they had not yet received the requested information. (Ex A at 3.) Rather, Defendant's representative sat with Plaintiffs' representative at a computer terminal and reviewed the information together. (*Id.*) Plaintiffs wrote that, "[w]ithin a minute of viewing the exception adjustment, [Defendant's representative] declared that it was in error." (*Id.*)

Defendant discovered that the appraiser who valued the subject property for the 2006-07 tax year had erroneously believed a rezoning event "triggered an exception event," resulting in an increased MAV. (Ex K.) "The appraiser [erred] in considering that the office of the manufacturing business, changed to a commercial use, after the lot line adjustment separated the land under the office from the main tax lot, and that the change triggered an exception event,

causing the resetting of MAV [a]s required under ORS 308.146(3)(c)."[3]  (*Id.*)  Defendant's

representative declined to correct the error, believing he lacked the authority under ORS

311.205.  (*Id.*)  "In order to correct 5 years back to 2014, I would need [to] correct 2013's MAV

and AV to plug into the ORS 308.146 formula for a corrected 2014 MAV."  (*Id.*)

Plaintiffs appeal, asking this court to order Defendant to 1) correct the error in the 2006-

07 tax roll, 2) adjust the MAV for subsequent tax years based on that correction, and 3) issue a

refund of $51,820.37 based on the amount overpaid in taxes since the original error on the 2006-

07 tax roll.  (Compl at 2; Ex A at 3.)  Defendant asks the court to grant summary judgment in its

favor because the 2006-07 MAV error is not correctible under ORS 311.205.

## II.  ANALYSIS

The issue presented for summary judgment is whether the court may order a correction of

the subject property's MAV for any of the 2006-07 through 2019-20 tax years based on the error

in the 2006-07 tax year.  The Tax Court may grant a motion for summary judgment

> "if the pleadings, depositions, affidavits, declarations, and admissions on file show
> that there is no genuine issue as to any material fact and that the moving party is
> entitled to prevail as a matter of law.  No genuine issue as to a material fact exists
> if, based upon the record before the court viewed in a manner most favorable to the
> adverse party, no objectively reasonable juror could return a verdict for the adverse
> party on the matter that is the subject of the motion for summary judgment.  The
> adverse party has the burden of producing evidence on any issue raised in the
> motions as to which the adverse party would have the burden of persuasion at trial."

Tax Court Rule (TCR) 47 C. [4]  Neither party identified any material facts in dispute.  Therefore,

the court will consider whether Defendant is entitled to prevail as a matter of law.

---

[3] ORS 308.146(3)(c) provides for an exception to the three percent-per-year limit on MAV increases where property "is rezoned and used consistently with the rezoning."  Defendant clarified that separation of the tax lots resulted in an erroneous "rezoning exception event [that] was really designed for bare land that was rezoned, but maybe not developed for several years."  (Ex K.)

[4] TCR 47 is made applicable by Tax Court Rule-Magistrate Division (TCR-MD) 13 B, which states that, "[t]he court may apply TCR 47 to motions for summary judgment, to the extent relevant."  TCR-MD 13 B.

A.     *Appeal Process Generally and Correction of Property Tax Assessments*

Oregon law provides several options for taxpayers who seek to challenge the value assigned to their property. The primary option is appealing to BOPTA under ORS 309.100, with review by this court available under ORS 305.275(4).[5] If a taxpayer misses the deadline to appeal to BOPTA or fails to timely appeal a BOPTA order, they may seek relief from this court under ORS 305.288. That statute permits the court to order a change or correction for the current and two prior tax years in two circumstances. First, if the taxpayer alleges and proves an error of at least twenty percent in property used as a dwelling. ORS 305.288(1).[6] Second, if the taxpayer establishes "good and sufficient cause" for failing to timely appeal. ORS 305.288(3). A taxpayer may also petition the Oregon Department of Revenue to exercise its supervisory authority to correct the roll "for the current tax year and for either of the two tax years immediately preceding the current tax year * * *." ORS 306.115. The court reviews such decisions for abuse of discretion. *ABC Kentrox v. Dept. of Rev.*, 19 OTR 91, 101 (2006).[7] Finally, the taxpayer may ask the assessor to correct the roll under ORS 311.205, which authorizes a correction for the current and prior five tax years in certain circumstances, such as a clerical error on the roll.

1.     *BOPTA*

A taxpayer may appeal an assessment to the county BOPTA during the period between the mailing of tax statements in October and December 31st of that same property tax year. ORS 309.100.[8] A taxpayer may appeal a BOPTA order to the Magistrate Division of this court within

---

[5] Unless otherwise noted, the court's references to the Oregon Revised Statutes (ORS) are to 2017.

[6] This first provision is not applicable in this case because the subject property was not used as a dwelling.

[7] The court is unaware of any such petition filed in this case.

[8] ORS 311.250(1) requires the tax collector to deliver or mail tax statements to property owners by October 25th,

30 days of the order. ORS 309.110(7); ORS 305.275(3); ORS 305.280(4). "If a taxpayer may appeal to [BOPTA] under ORS 309.100," then no appeal may be taken to this court. ORS 305.275(3). Plaintiffs had the right to appeal the subject property's 2006-07 MAV to the BOPTA in 2006 but did not do so. Plaintiffs' current appeal of their 2006-07 MAV is untimely. Plaintiffs appealed to BOPTA for the 2018-19 tax year but did not timely appeal that order to this court.

       2.      *Good and Sufficient Cause—ORS 305.288(3)*

Oregon law provides an alternative process for taxpayers who fail to appeal to BOPTA or fail to timely appeal from a BOPTA order. This court may order a correction

> "for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."

ORS 305.288(3). The "current tax year" is "the year *in which* the request is made to this court." *Work v. Dept of Rev.*, 22 OTR 396, 405 (2017) (emphasis in original). Plaintiffs' Complaint was filed in June of 2020 making the "current tax year" the 2019-20 tax year and making the 2017-18 and 2018-19 tax years the two immediately preceding tax years. "Good and sufficient cause" is "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). It "[d]oes not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official * * *." ORS 305.288(5)(b)(B).

/ / /

---

including "a written statement of property taxes payable on the following November 15."

The 2006-07 tax year is beyond the time period for which the court may order a correction under ORS 305.288. With respect to the three tax years potentially open for review (2017-18 through 2019-20), Plaintiffs have not identified "good and sufficient cause" for their failure to timely appeal. Plaintiffs did not understand that the increase in the subject property's 2006-07 MAV and AV was due to an exception event because they did not yet know how those values related to one another. Plaintiffs' failure to timely appeal was due to lack of knowledge concerning the concepts of EV, MAV, and AV. Lack of knowledge does not amount to "good and sufficient cause" thus this route to relief is foreclosed.

3.      *Correction of Error on Property Tax Roll—ORS 311.205*

ORS 311.205(1)(a) authorizes the officer in charge of the roll to correct "clerical errors," which are ones that (i) arise from an error in the assessor's tax records; (ii) "would have been corrected as a matter of course" had the assessor discovered it; and (iii) "[f]or which the information necessary to make the correction is contained in the records." "Clerical errors include, but are not limited to, arithmetic and copying errors and the omission or misstatement of a land, improvement or other property value on the roll." ORS 311.205(1)(a)(B). In errors in valuation judgment are "ones in which the assessor * * * would arrive at a different opinion of value." ORS 311.205(1)(b)(D). "The officer may correct an error in valuation judgment at any time in any account when an appeal has been filed in the tax court alleging that the value on the roll is incorrect, if the correction results in a reduction of the tax owed on the account." ORS 311.205(1)(b)(A).[9] If it is unclear whether an error is a clerical error or an error in valuation

_____

[9] This language was added in 2007. *See* Or Laws 2007, ch 590, §2. It replaced the following language: "The officer may not correct an error in valuation judgment, except as provided in ORS 308.242(2) and (3)." *See id.* At that time, ORS 308.242(2) and (3) provided for corrections resulting in a value reduction after the rolls were certified in limited circumstances. Or Laws 2007, ch 590, §1.

judgment, the error shall be considered an error in valuation judgment. OAR 150-311-0150(2). The correction authorized is for "any year or years not exceeding five years prior to the last certified roll." ORS 311.205(2)(a).

Defendant determined that it was not authorized to correct the subject property's 2006-07 MAV because the error was one of "valuation judgment" and "not a clerical error, or any error of any kind that is supported by evidence in the file." (Def's Mot for Summ J at 2.) Defendant elaborated: "the appraiser makes no reference to zoning or any zoning changes that were relied on. * * * The MAV recalculation did not have any math errors." (*Id.*) Defendant further argued that, even if the error were not one of valuation judgment, "then the case should be dismissed because the error occurred prior to the last certified tax roll or the prior five tax years. (*Id.*)

           a.       Clerical error vs. valuation judgment error

Defendant argues that the error made in the 2006-07 MAV was not a clerical error because the information necessary to correct the error was not contained in Defendant's records. The court is unable to evaluate that argument because the court did not receive complete copies of Defendant's records and Plaintiffs claim that they did not either.[10] Plaintiffs' allegation that Defendant's representative observed the error while looking at its records on a computer terminal raises a question whether the error is evident from Defendant's records. *Cf. Seifert v. Dept. of Rev.*, 14 OTR 401, 403 (1998) (a square footage error was not a "clerical error" correctable under ORS 311.205 because "[t]here [was] no way to determine from looking at the records that an error even exists[;]" an inspection of the house was required).

/ / /

---

[10] "Records include, but are not limited to, field notes, the assessment roll, tax cards, deeds, vouchers and appraisal cards and jackets, which are regularly maintained by the assessor's office and used to determine value." OAR 150-311-0140(3)(a).

Even if the 2006-07 MAV error were one of valuation judgment, it is unclear why Defendant lacks authority to correct it under ORS 311.205. The statute authorizes Defendant to correct an error in valuation judgment during the pendency of an appeal "*if the correction results in a reduction of the tax owed on the account.*" ORS 311.205(1)(b)(A) (emphasis added). Plaintiffs' requested reduction in MAV would reduce the tax owed. (*See* Ex M (the subject property's RMV exceeds in MAV for each tax year through 2017-18).) Thus, Defendant may correct the error whether it is clerical or one of valuation judgment.

b.      Five-year limitation in ORS 311.205

Defendant next argues that it cannot correct the 2006-07 MAV because that year is beyond the five-year period open for correction under ORS 311.205. Defendant offered the following explanation: "In order to correct 5 years back to 2014, I would need [to] correct 2013's MAV and AV to plug into the ORS 308.146 formula for a corrected 2014 MAV." (Ex K.) Essentially, Defendant argues that it cannot look beyond the five-year period to determine if an error occurred. However, two cases from this court reached contrary conclusions. In *Miller v. Deschutes County Assessor*, TC-MD 190273N, 2020 WL 1847134 (Or Tax M Div, Apr 10, 2020), the assessor discovered in 2019 that an error occurred in its 2007-08 MAV calculation and it corrected it for each of the open tax years under ORS 311.205. Upon review, the court agreed that the error was clerical and could be corrected. (*Id.*) Similarly, in *Miller v. Jackson County Assessor*, TC-MD 111063C, 2012 WL 5766577 (Or Tax M Div, Nov 16, 2012), the assessor discovered in 2011 that a special assessment had been erroneously granted in 1991, resulting in a lower AV for the subsequent tax years. The court upheld the assessor's correction of that error for tax years 2007-08 through 2010-11 under ORS 311.205. *Id.*

/ / /

Similarly, in the context of omitted property, assessors frequently add property to the rolls that existed prior to the five-year period open for correction under ORS 311.216. *See, e.g., Rankin v. Multnomah County Assessor*, TC-MD 180080G, 2019 WL 6836008 (Or Tax M Div, Jul 22, 2019) (holding that the five-year limitation in ORS 311.216 pertained to the "number of prior years' back taxes that may be assessed, not to the age of the omitted property" so assessor was permitted to add value for decades old property); *Restaurant Development Company of Medford, LLC v. Jackson County Assessor*, TC-MD 170061R, 2019 WL 2500420 (Or Tax M Div, Jun 17, 2019) (assessor added omitted property to the 2011-12 through 2016-17 tax rolls a building constructed in 1999); *Conrad v. Clackamas County Assessor*, TC-MD 160053C, 2016 WL 4922485 (Or Tax M Div, Sept 13, 2016) (assessor added omitted property to the 2013-14 through 2015-16 tax rolls for a remodel occurring prior to 2005); *Crawford v. Douglas County Assessor*, TC-MD 130462C, 2014 WL 1008802 (Or Tax M Div, Mar 17, 2014) (assessor added omitted property to the 2007-08 through 2012-13 tax rolls for improvements "going back to 2001").

ORS 311.205 limits the number of tax years open for correction – and the number of years of back taxes – to five years prior to the last certified roll. It does not limit the assessor to correcting only those errors that occurred within the prior five years. Defendant may correct the subject property's values for the 2014-15 through 2019-20 tax years based on the MAV error.

B.     *Plaintiffs' Other Theories of Relief*

1.     *Lack of Notice*

Plaintiffs argue that the 2006-07 EV was invalid due to lack of notice. First, Plaintiffs maintain that Defendant failed to give notice of the 2006-07 EV by not explicitly identifying it on the 2006-07 tax statement. (Ex A at 1.) ORS 311.250(5) requires assessors to use a form

designed by the Department of Revenue that contains the RMV for the current and prior year, the AV for the current and prior year, and the total amount of taxes due on the property.[11] It does not require a separate statement of EV. *Id.* OAR 150-311-0250 requires additional information be included on the statement, but not EV. The 2006-07 property tax statement complied with applicable statutes and rules. *See also Dish Network v. Dept. of Rev.*, 364 Or 254, 284 n 31, 434 P3d 379 (2019) (no statutory notice requirement for adding new property to the tax roll, although notice is statutorily required when adding omitted property as new property under ORS 311.216); *Multnomah Cty Assessor v. Portland Dev. Comm'n*, 20 OTR 395, 398 (2011) ("the assessor is permitted to alter position as to * * * valuation without notice to the property owner prior to the issuance of the tax statement. Then, of course, the statutes provide ways for the adversely affected owner to challenge the decision of the assessor. ORS 309.100; ORS 305.275."). The court finds that Defendant has complied with all applicable notice requirements.

Second, Plaintiffs argue that Defendant violated the notice requirements in ORS 215.223 and ORS 215.503. (Ptfs' Resp at 6). Those statutes are not applicable in this case. ORS 215.223 requires certain notice be given prior to the enactment of a rezoning ordinance. ORS 215.503 requires notice to the public of hearings regarding proposed zoning and land use ordinances, and for notice to the owners of properties whose zoning may be changed by ordinance. Those statutes impose requirements on the county planning commission or other county governing body, not the county assessor. Defendant is not responsible for zoning changes. Grievances with zoning changes or actions by the county planning commission are not appealable to this court under ORS 305.275 and ORS 305.410.

---

[11] For the 2006-07 tax year, the applicable law in effect was the 2005 edition of the ORS. However, ORS 311.250 has not been amended since 2003.

2.      *Doctrine of Continuing Offense*

Plaintiffs cite the doctrine of continuing offense as an alternative theory of relief.  (Ptfs'

Resp at 8.)  The doctrine of continuing offense is a criminal law doctrine that "comes into play

where it is contended that the actual conduct of the defendant ended but the crime continued past

that time." *U.S. v. Morales*, 11 F3d 915, 918 (9th Cir 1993).  It serves to extend the period of

limitation for criminal prosecution and "should be applied in only limited circumstances" where

"the explicit language of the substantive criminal statute compels such a conclusion." *Toussie v.*

*U. S.*, 397 US 112, 114-115, 90 S Ct 858, 25 L Ed 2d 156 (1970).  Because this doctrine is

applicable to criminal law and not to civil tax law, it cannot provide relief in this case.

3.      *Equitable Tolling and Equitable Estoppel*

Plaintiffs ask the court to use the doctrines of equitable tolling and equitable estoppel to

grant relief.  (Ptfs' Resp at 8-9.)  The doctrine of equitable tolling concerns a court's ability to

"set aside statutory deadlines when a taxpayer misses those deadlines for reasons personal to the

taxpayer." *Burns v. Multnomah Cnty Assessors*, 170053G, 2017 WL 2258974 at *2 (Or Tax M

Div, May 23, 2017).  In the realm of taxation, including property taxation, the need for certainty

and finality requires statutes of limitations to be treated as "an almost indispensable element of

fairness as well as of practical administration." *Id.,* (quoting *Multistate Tax Com. v. Dow*

*Chemical Co.*, 9 OTR 272, 279 (1982)).  For that reason, courts apply equitable tolling sparingly,

limiting it to two circumstances: "where the claimant has actively pursued [their] judicial

remedies by filing a defective pleading during the statutory period, or where the [claimant] has

been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."

*DeArmond v. Dept. of Rev.*, 14 OTR 112, 117 (1997), *aff'd*, 328 Or 60, 968 P2d 1280 (1998)

(holding equitable tolling not applicable to toll statute of limitations in a tax refund case); citing

*Irwin v. Dept. of Veterans Affairs*, 498 US 89, 111 S Ct 453, 112 L Ed 2d 435 (1990). The first circumstance is not applicable here because Plaintiffs did not file a defective pleading within the statutory period. The second circumstance is "analyzed as equitable estoppel rather than equitable tolling." *Fransen v. Dept of Rev.*, 190050G, 2019 WL 3546832 (Or Tax M Div, Aug 5, 2019).

A claim of equitable estoppel requires Plaintiffs to prove three elements: (1) misleading conduct by Defendant; (2) Plaintiffs' good faith, reasonable reliance on that conduct; and (3) injury to Plaintiffs. *Webb v. Dept. of Rev.*, 18 OTR 381, 383 (2005). In other words, equitable estoppel may "only be applied when there is proof positive that the [assessor] has misinformed the individual taxpayer and the taxpayer has a particularly valid reason for relying on the misinformation and that it would be inequitable to a high degree to compel the taxpayer to conform to the true requirement." *Johnson v. State Tax Comm'n.,* 248 Or 460, 463-64, 435 P2d 302 (1967).[12]

Plaintiffs argue that Defendant engaged in misleading conduct by not providing notice of the 2006-07 EV. (Ptfs' Resp at 9.[13]) As established above, Defendant was not required to expressly identify EV on the 2006-07 tax statement, so failure to do so in this case is not misleading conduct. Plaintiffs' subsequent argument, that they reasonably relied on that misleading behavior, fails as a result: without the presence of misleading conduct, one cannot reasonably rely on it and use that reliance as support for an equitable estoppel claim. Because

[12] Estoppel was applied when the assessor supplied the taxpayer with two versions of a form: an obsolete one displaying an old deadline, and two copies of the new forms displaying the new deadline, albeit in small print. The court decided taxpayer acted in good faith in relying on the deadline date provided on the old form. *Id*.

[13] Plaintiffs reference *Schellin v. Dept. of Rev.*, 15 OTR 126 (2000), in which taxpayer received ambiguous written guidance capable of more than one reasonable interpretation. By contrast here, the subject property's 2006-07 tax statement does not contain incorrect or ambiguous information.

Plaintiffs have not proven the first two elements of their equitable estoppel claim, the third element also cannot be established.

Plaintiffs' frustration with the situation and the financial impact of the 2006-07 error is understandable, and the court sympathizes with them. Taxpayers in the State of Oregon are responsible for reviewing and verifying the accuracy of property tax assessments and filing appeals that conform to the prescribed statutory process, described above. In *Taft Church of Evangelical Church of North America v. Dept. of Rev.,* 14 OTR 119, 121 (1997), the taxpayer delayed appealing the subject property's assessment by several years. In denying the taxpayer's appeal, the court explained:

> "This situation highlights the need for property owners to audit the government's property tax records. Most taxpayers are familiar with our income tax systems under which *taxpayers* keep the records and assess the tax, and the government audits for accuracy and correctness. In contrast, the property tax system requires the *government* to keep the records and assess the tax, and the taxpayer audits for accuracy and correctness. Both systems impose time limits on the right to audit. A failure to audit and challenge the assessment within the time limit will result in a loss by the party responsible for the audit."

*Id.* at 122 (emphasis in original). In *Tackett v. Marion County Assessor,* 070165C, 2007 WL 1800653 at *2 (Or Tax M Div, June 20, 2007), the court gave additional explanation of the underlying policy:

> "the conduct of governmental affairs requires some finality to the state's system of tax collection, and state legislatures, recognizing that need, pass statutes of limitation to insure some stability. Although the court is not unsympathetic to Plaintiffs' situation, it must be kept in mind that the system generally works both ways. Taxpayers would no doubt be unhappy if the government could forever return to them to correct any errors it finds."

Despite noticing an increase in the subject property's 2006-07 AV, Plaintiffs failed to investigate the matter further or file an appeal at that time. Unfortunately, given the lapse in time, this court is without statutory authority to correct the subject property's 2006-07 values.

## III. CONCLUSION

Upon careful consideration, the court concludes that Defendant's Motion should be granted in part and denied in part. The court finds no authority to correct the subject property's values for the 2006-07 through 2013-14 tax years. However, Defendant may correct the 2014-15 through 2019-20 tax years under ORS 311.205 based on either a clerical error or an error in valuation judgment if it will result in a reduction to Plaintiffs' tax liability. The parties shall confer and file a joint written status report within 30 days from the date of this Order either reporting settlement or proposing next steps. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted in part and denied in part. Plaintiffs' appeal of the 2006-07 through 2013-14 tax years is dismissed.

IT IS FURTHER ORDERED that the parties shall confer and, within 30 days from the date of this Order, file a joint written status report either reporting settlement or proposing next steps with respect to the 2014-15 through 2019-20 tax years.

Dated this ＿＿＿ day of January 2021.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*This interim order may not be appealed. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved. ORS 305.501.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on January 21, 2021.*