IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Corporation Excise Tax

BED BATH & BEYOND INC.　　　　　)
and Subsidiaries,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)　TC-MD 200272G
　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
DEPARTMENT OF REVENUE,　　　　　)　**ORDER GRANTING DEFENDANT'S**
State of Oregon,　　　　　　　　　　)　**MOTION FOR SUMMARY JUDGMENT**
　　　　　　　　　　　　　　　　　　)　**AND DENYING PLAINTIFF'S CROSS-**
　　　　　　Defendant.　　　　　　　)　**MOTION FOR SUMMARY JUDGMENT**

On cross-motions for summary judgment, this case concerns whether the waiver of the

three-year restriction on issuing refunds found in ORS 314.380(2)(b) applies to amended returns

filed under ORS 314.380(2)(c).[1]

## I. STATEMENT OF FACTS

Plaintiff and its subsidiaries (collectively "Plaintiff") filed an Oregon corporation excise

tax return on December 4, 2015, for the tax year ending February 28, 2015. (Stip Facts, ¶ 2.)

On its own initiative, Plaintiff filed an amended federal return with the IRS. (Stip Facts,

¶¶ 3–4.) The IRS accepted that amended return and issued Plaintiff a refund on January 8, 2019.

(Ptf's Cross-Mot Summ J at 2, Ex 2.) The IRS did not issue a Revenue Agent's Report. (Stip

Facts, ¶ 4.) Thereafter, Plaintiff amended its returns in various states and received refunds from

five of them. (*See* Ptf's Cross-Mot Summ J at 2–3, Ex 5.)

Plaintiff filed an amended Oregon corporation excise tax return on February 1, 2019,

claiming a refund. (Stip Facts, ¶ 5.) Defendant denied that claim for refund and Plaintiff's

subsequent written objection. (*Id*., ¶¶ 6–8.)

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

Plaintiff now asks the court to order the refund claimed in its amended return; Defendant asks that its denial be upheld.

## II. ANALYSIS

At issue in this case is whether the three-year post-filing ban on refunds under ORS 314.415(2)(a) applies to amended returns reporting changes in taxable income initiated by the taxpayer in out-of-state filings.

ORS 314.415(2)(a) prohibits Defendant from refunding tax overpayments more than three years after the return was filed or two years after the tax was paid "unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270." [2] That three-year period for claiming a refund corresponds to the three-year period in which Defendant normally may give notice of deficiency. *Cf.* ORS 314.410(1).

In the present case, Plaintiff filed its amended return three years, one month, and 28 days after it filed its original return. There is no allegation that Plaintiff paid the tax at a later time. Plaintiff's claim for refund is therefore "after three years from the time the return was filed" and barred by ORS 314.415(2)(a) unless an exception applies.

An exception to the deadline in ORS 314.415(2) applies where an out-of-state taxing authority has changed a taxpayer's return. *See* ORS 314.380(2)(b). ORS 314.380(2)(b) provides that, notwithstanding ORS 314.415, claims for refund are "deemed timely" if filed within two years of "a change or correction made by the Internal Revenue Service or by the taxing authority

---

[2] ORS 314.415(2)(a) states: "The department may not allow or make a refund after three years from the time the return was filed, or two years from the time the tax (or a portion of the tax) was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270. In any case, if the original return is not filed within three years of the due date, excluding extensions, of the return, the department may allow or make a refund only of amounts paid within two years from the date of the filing of the claim for refund. If a refund is disallowed for the tax year during which excess tax was paid for any reason set forth in this subsection, the department may not allow the excess as a credit against any tax occurring on a return filed for a subsequent year."

of another state[.]" [3] That exception applies to claims for refund "under this paragraph"; *i.e.*

under paragraph (b) of subsection (2) of section 380 of ORS chapter 314. ORS 314.380(2)(b).[4]

---

[3] ORS 305.380 states, in full:

"(1) Every taxpayer shall, upon request of the Department of Revenue, furnish a copy of the return for the corresponding year, which the taxpayer has filed or may file with the federal government, showing the taxpayer's net income and how obtained and the several sources from which derived. Every taxpayer shall, upon request of the department, furnish a copy of any federal revenue agent's report or other audit report made upon any audit or adjustment of the taxpayer's federal income tax return or income tax return of another state.

"(2)(a) The taxpayer shall report to the department any change in the taxpayer's taxable income that is subject to tax by this state or any change in the taxpayer's tax liability paid to or owing this state because:

"(A) The Internal Revenue Service or other competent authority has changed or corrected the amount of a taxpayer's taxable income, tax credit or other amount taken into account in determining the taxpayer's tax liability as reported on a federal income tax return or an income tax return of another state for any taxable year; or

"(B) The taxpayer:

"(i) Files an original or amended return that is accepted by the Internal Revenue Service or the taxing authority of another state; or

"(ii) Is assessed tax by the Internal Revenue Service or the taxing authority of another state for the failure to file a return as required.

"(b) In the case of a change or correction made by the Internal Revenue Service or by the taxing authority of another state, the report shall either concede the accuracy of the determination or state wherein the taxpayer believes it to be erroneous. The report may be treated by the department as a claim for refund pursuant to ORS 314.415 if the department determines that the taxpayer's correct Oregon tax liability is a reduction from the taxpayer's Oregon tax liability prior to the filing of the report. Notwithstanding the limitations of ORS 314.415, a claim for refund under this paragraph shall be deemed timely if received by the department within two years after the federal or other state correction was made.

"(c) In the case of a taxpayer filing an original or amended federal or other state return that reports a change in the taxpayer's taxable income that is subject to tax by this state or that results in a change in the taxpayer's tax liability paid to or owing this state, the report required by this subsection shall be an amended Oregon return. The taxpayer shall file the amended return with the department within 90 days thereafter.

"(3) For purposes of this section:

"(a) A change or correction of a taxpayer's taxable income is deemed to be made on the date of the audit report making the change or correction; and

"(b) The date on which an original or amended return is accepted by the Internal Revenue Service or other state taxing authority is the date the original or amended return is filed if the return is subsequently accepted by the Internal Revenue Service or other state taxing authority.

"(4) The provisions of ORS 305.305 shall constitute the exclusive remedy of a person whose notice of deficiency or assessment is based upon a change or correction of the person's taxable income under this section."

[4] For an explanation of statutory paragraphs and their alphanumeric designations, see the Legislative Administration Committee's *Form and Style Manual for Legislative Measures*.

Cases where the change to the out-of-state tax filing is made by the taxpayer are treated in the next paragraph, ORS 314.380(2)(c). A taxpayer reporting a change in taxable income on an out-of-state return "shall file" an amended return with Defendant "within 90 days thereafter." ORS 314.280(2)(c). No exception to ORS 314.415 is provided in ORS 314.380(2)(c).

In this case, it is undisputed that the change to Plaintiff's reported taxable income was due to its own amended returns rather than an adjustment by a taxing authority. Plaintiff amended its federal return, and the IRS accepted that return without an audit. Plaintiff then amended its returns to various states, and five states accepted them. Because Plaintiff's taxable income was changed due to an accepted amended federal return, Plaintiff's filing obligation in Oregon is governed by ORS 314.280(2)(c), not ORS 314.280(2)(b). Because ORS 314.280(2)(c) provides no exception to the three-year limit on refunds, ORS 314.415(2)(a) would seem to apply.

Plaintiff's argument to the contrary is stated most fully in its reply brief. Plaintiff asserts that "because other states accepted [its] state amended returns, that kept the Oregon statute open for up to 90 days subsequent to filing of [Plaintiff's] federal return or other state return." (Ptf's Reply at 3.) Plaintiff asserts "[t]hat is the plain language of 314.380(2)(c)." (*Id*.) Plaintiff continues:

> "Why would the statute allow for the 90 day filing period if the statute of limitations passed? We doubt [Defendant] would take the same position if another state assessed [Plaintiff] and [Plaintiff] was required to then file an Oregon amended return within the 90 day period. Would the filing be just for show?"

(*Id*. at 3–4.)

/ / /

/ / /

Plaintiff's allegation that the "plain language" of ORS 314.380(2)(c) requires allowing refunds within a 90-day period is incorrect. The plain language of that paragraph does not address refunds; it imposes a filing obligation on taxpayers.

Plaintiff asks why the statute provides a 90-day filing period where no refunds are allowed. While the court has no special knowledge of the legislature's reasons, it may be helpful to recall that, firstly, not all amended returns are filed outside the three-year window provided by ORS 314.415(2)(a) and, secondly, not all self-reported changes to taxable income result in a refund claim.[5] Under the first scenario, the filing required by ORS 314.380(2)(c) could result in a refund; under either scenario, it could change a taxpayer's assessment. Such filings, at least, would not be "just for show."

Plaintiff expresses a doubt whether Defendant would "take the same position" if Plaintiff's amended return was required by another state's assessment against a taxpayer. The court has no knowledge of what position Defendant might take in such a case. However, it may be observed that tax changes initiated by government action fall under ORS 314.380(2)(b) rather than ORS 314.380(2)(c). Under ORS 314.380(2)(b), taxpayers have until two years after another state has corrected their return to claim a refund from Defendant.[6]

---

[5] For example, a taxpayer may report an increase in tax liability or a decrease in unpaid tax liability.

[6] Plaintiff remarks on the apparent uniqueness of Oregon's provision allowing a claim for refund after another state has made a change or correction. The provision allowing such claims in the wake of federal audits was expanded to include other states' audits in 1999. Or Laws, ch 74, § 1. The prior December, our Supreme Court had summarily affirmed this court's decision in *DeArmond v. Department of Revenue*, 14 OTR 112, 114 (Or Tax 1997), *aff'd*, 328 Or 60, 968 P2d 1280 (1998), in which this court commented:

> "The legislature has provided an extended refund period for various circumstances, such as federal audits * * * net operating loss carryovers * * * and worthless stock * * *. It has not provided a longer refund period where another state's audit gives rise to a tax liability after the normal refund period."

That last statement is superseded by ORS 314.380(2)(b), which extends the refund period after other states' audits, but not after the filing of amended returns in other states.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff has not provided the court with any statute or precedent under which an exception to ORS 314.415(2)(a) would apply to taxpayers whose taxable income has changed due to their own out-of-state filings, rather than due to an out-of-state audit.

### III. CONCLUSION

ORS 314.415(2)(a) bars Defendant from issuing Plaintiff a refund because Plaintiff's refund claim was filed more than three years after its original return and was not based on adjustments made by another taxing authority. There being no genuine issue as to any material fact, Defendant is entitled to prevail as a matter of law. *See* TCR 47 C; TCR–MD 13 B.[7] Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted and Plaintiff's cross-motion is denied.

*This is a dispositive order pursuant to Tax Court Rule – Magistrate Division 16 C(1). The court will issue a decision after waiting 14 days to determine whether there is a dispute about costs and disbursements. Any claim of error in regard to this order should be raised in an appeal of the Magistrate's decision when all issues have been resolved. See TCR-MD 19.*

*This document was signed by Magistrate Poul F. Lundgren and entered on May 24, 2021.*

---

[7] Tax Court Rules (TCR); Tax Court Rules – Magistrate Division (TCR–MD)