IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| LASZLO G. SANDOR and MARTA L. SANDOR, | ) ) ) | |
| Plaintiffs, | ) ) | TC-MD 250668R |
| v. | ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) | |
| Defendant. | ) | **DECISION** |

This matter comes before the court on Defendant's Motion for Summary Judgment (Motion) filed January 14, 2026. A case management conference was held on February 26, 2026, at which the parties agreed that Plaintiffs would file and serve a response to the Motion by April 27, 2026. The court has not received Plaintiffs' response as of this date.

Plaintiffs appeal Defendant's denial of their Oregon refund for the 2021 tax year pursuant to ORS 314.415(2)(a).[1] Defendant asserts that Plaintiffs' return and refund claim were received more than three years after the return's due date and that Plaintiffs made no tax payments in the two years preceding their refund claim. For the reasons set forth below, Defendant's Motion is granted.

## I. STATEMENT OF FACTS

Plaintiffs filed a 2021 Oregon personal income tax return claiming a refund of $6,038, which Defendant received on July 21, 2025. (Def's Mot Summ J at 1.) Plaintiffs' 2021 Oregon

---

[1] References to the Oregon Revised Statutes (ORS) are to the 2021 version.

personal income tax return was due on April 18, 2022.[2]  Plaintiffs state that they timely filed for an extension and paid their estimated taxes on time.  (Compl at 3.)  Plaintiffs' Complaint details personal challenges causing their late refund request: their son's medical condition and reliance on incorrect advice from their accountant.  (Compl at 2-4.)

## II.  ANALYSIS

The issue is whether Defendant is barred by ORS 314.415(2)(a) from refunding a 2021 overpayment to Plaintiffs.

A.      *Defendant's Motion Treated as a Motion to Dismiss under TCR 21 A(8)*

Defendant styled its Motion as one for summary judgment.  However, neither party submitted affidavits, declarations, or other evidence outside the pleadings.  The dispositive issue presented by the Motion is whether, assuming the facts alleged in Plaintiffs' Complaint are true, ORS 314.415(2)(a) bars Plaintiffs' requested refund as a matter of law.

When considering a motion under Tax Court Rule (TCR) 21 A(8) for "failure to state ultimate facts sufficient to constitute a claim," the court assumes the truth of all well-pleaded factual allegations and gives the nonmoving party the benefit of favorable inferences that may be drawn from those allegations.  *See Scovill v. City of Astoria*, 324 Or 159, 164, 921 P2d 1312 (1996) (stating standard under ORCP 21 A(8)).  Plaintiffs admit that their refund request was late and allege that their tardiness resulted from their son's medical condition and from reliance on incorrect advice from their accountant.  The court accepts those allegations as true for purposes of this Motion.

---

[2] For most taxpayers, 2021 federal individual income tax returns were due April 18, 2022, because April 15, 2022, was Emancipation Day, a legal holiday observed in the District of Columbia.  *See* IRC §§ 6072(a), 7503. Oregon personal income tax returns under ORS chapter 316 are due "on or before the due date of the corresponding federal return."  ORS 314.385(1)(a).

Even accepting those allegations, Plaintiffs' Complaint does not state a claim for relief. ORS 314.415(2)(a) limits both the time for claiming a refund and the amount that may be refunded. As relevant here, if the original return is not filed within three years of the return's due date, excluding extensions, Defendant may allow or make a refund only of the amounts paid in the two years leading up to the filing of the refund claim.[3]

Plaintiffs' 2021 Oregon personal income tax return and refund claim were received on July 21, 2025, more than three years after the April 18, 2022, due date. Plaintiffs also do not allege that they made any payment for tax year 2021 within the two years before filing their refund claim. Therefore, based on the Complaint's allegations, ORS 314.415(2)(a) bars the requested refund.

Leave to amend is not warranted because amendment would be futile. Plaintiffs' alleged reasons for filing late, although sympathetic, do not provide a legal basis for extending the statutory refund limitation period. Unless Plaintiffs could allege that their refund claim was timely filed or that they made a 2021 tax payment within the applicable statutory lookback period, no amendment could cure the legal defect. Plaintiffs have not identified any such facts, and in their Complaint they state they paid their estimated tax "on time." Accepting Plaintiffs' statement as true and drawing favorable inferences from that statement, the court accepts that Plaintiffs made their 2021 tax payments by April 18, 2022. *See* Oregon Administrative Rule 150-314-0167(1) ("If a taxpayer cannot file a return within the prescribed time, the department

---

[3] ORS 314.415(2)(a) states: "The department may not allow or make a refund after three years from the time the return was filed, or two years from the time the tax (or a portion of the tax) was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270. In any case, if the original return is not filed within three years of the due date, excluding extensions, of the return, the department may allow or make a refund only of amounts paid within two years from the date of the filing of the claim for refund. If a refund is disallowed for the tax year during which excess tax was paid for any reason set forth in this subsection, the department may not allow the excess as a credit against any tax occurring on a return filed for a subsequent year."

may grant the taxpayer an extension of time for filing but this does not extend the time for payment of the tax."). Accordingly, dismissal is appropriate under TCR 21 A(8).

B.    *Equitable Tolling Does Not Cure the Statutory Bar*

Plaintiffs allege that their late refund request resulted from their son's medical issues and from reliance on incorrect advice from their accountant. Those allegations, however, do not provide a legal basis for relief. Oregon law does not permit the court to extend the refund limitation period in ORS 314.415(2)(a) based on equitable grounds. *See DeArmond v. Dept. of Rev.*, 14 OTR 112, 117 (1997), *aff'd*, 328 Or 60, 968 P2d 1280 (1998) (declining to apply equitable tolling to a tax refund limitation period). Federal refund law is consistent with that approach. In *United States v. Brockamp*, 519 US 347, 354, 117 S Ct 849, 136 L Ed 2d 818 (1997), the United States Supreme Court held that courts may not toll, for nonstatutory equitable reasons, the statutory time and amount limitations for federal tax law refunds. Plaintiffs' circumstances are sympathetic, but those allegations do not support the relief they seek as a matter of law.

## III.  CONCLUSION

Plaintiffs' 2021 Oregon personal income tax return and refund claim were received more than three years after the return's due date, excluding extensions. Plaintiffs do not allege that they made any payment for tax year 2021 within two years of filing their refund claim. Accepting Plaintiffs' allegations as true, ORS 314.415(2)(a) bars the requested refund as a matter of law. Because amendment would be futile, Defendant's Motion, treated as a motion to dismiss under TCR 21 A(8), is granted. Now, therefore,

/ / /

/ / /

IT IS ORDERED that Defendant's Motion, treated as a motion to dismiss for failure to state ultimate facts sufficient to constitute a claim under TCR 21 A(8), is granted. Plaintiffs' appeal for the 2021 tax year is dismissed.


_____
RICHARD D. DAVIS
MAGISTRATE

**To appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court. Appeals are accepted by electronic filing; by mail at 1163 State Street, Salem, OR 97301-2563; and by hand delivery to 1241 State Street, Salem, OR, Floor 4R.**

**Your complaint must be submitted within 60 days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.**

**This document was signed by Magistrate Richard D. Davis and entered on May 4, 2026.**